**Robert Kirby GAMBLE, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 21985.**

United States Court of Appeals
Fifth Circuit.

July 14, 1966.

Sam R. Wilson, Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

Gamble appeals from the District Court's dismissal of his petition for habeas corpus. He was tried under an indictment charging him with the offense of murder with malice aforethought. The jury found him guilty and assessed his punishment at confinement for twenty-five years. Appellee has custody of Gamble pursuant to that judgment and sentence.

Gamble came into police custody when he surrendered himself to the F.B.I. in Denver, Colorado. Subsequently, he was turned over to Colorado authorities. Upon advice of counsel he waived extradition and was placed in the custody of a City of Houston police officer, who brought him to Houston on a regular commercial airline flight. Petitioner was placed in a police car and taken directly to the City of Houston Police

Station. Gamble was advised that he had a right to remain silent and that what he said might be used in evidence. Despite this warning, he made a voluntary written statement in which he admitted waking up in a room with the deceased lying on the floor. He did not ask to consult counsel prior to making the statement, nor was he advised of his right to do so. The statement was received in evidence without any objection being made by his counsel because they had been informed by Gamble that it was wholly voluntary.

Petitioner's only substantial contention here is that the admission of this post-arrest statement made to police—who failed to warn him of his right to counsel—violated his Fifth and Sixth Amendment rights as interpreted by the Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Decision of this appeal by this court has been delayed awaiting review by the Supreme Court of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Johnson (Stanley Cassidy) v. State of New Jersey, 86 S.Ct. 1772.

On June 13, 1966 the Supreme Court held in Miranda that when an individual is taken into custody (as was Gamble here), he must be warned prior to questioning that he has a right to remain silent; that anything he says can be used against him in a court of law; that he has a right to the presence of an attorney; and that if he cannot afford an attorney one will be appointed for him prior to any questioning, if he so desires. However, the opinion of the Supreme Court handed down on June 20, 1966 in Johnson (Stanley Cassidy) v. State of New Jersey, 86 S.Ct. 1772, rules the instant case. The trial here began and ended long before June 13, 1966, the cut-off date now announced by the Supreme Court for the application of the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The Judgment of the district court is affirmed.