213 So.2d 836

**Leroy TAYLOR**

**v.**

**STATE of Alabama.**

**7 Div. 771.**

Supreme Court of Alabama.

Aug. 29, 1968.

Chas. S. Conley, Montgomery, Donald A. Jelinek, Selma, C. Erskine Smith, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an appeal by Leroy Taylor from a judgment of the Circuit Court of Talladega County wherein a petition for writ of error coram nobis filed on behalf of Taylor was "denied and dismissed."

Taylor, a Negro, was indicted by a grand jury of Talladega County on April 17, 1963, for the first degree murder of Cynthia Marie Hawkins, a Negro girl seven years of age. He pleaded not guilty and not guilty by reason of insanity. Upon his trial upon that indictment the jury found him guilty and imposed the death penalty. Judgment and sentence were in accord with the verdict. On February 6, 1964, we affirmed the judgment of the trial court.— Taylor v. State, 276 Ala. 232, 160 So.2d 641. Taylor did not seek a review of our action by the Supreme Court of the United States.

In the trial court and on appeal to this court Taylor was represented by an able and experienced member of the Talladega County Bar who, on August 18, 1965, filed in this court on behalf of Taylor a petition for leave to file a writ of error coram nobis in the Circuit Court of Talladega County on the sole ground that Taylor's conviction was illegal because of the use of a confession. We denied the petition on August 19, 1965, without opinion. The petition for leave to file petition for writ of error coram

nobis in the Circuit Court of Talladega County was properly filed in this court at the time because we had affirmed the judgment of the trial court and the judgment of that court had become merged in the judgment of this court. But under Supreme Court Rule 50, adopted December 6, 1965, such a procedure is no longer necessary. Rule 50, supra, provides: "Petitions for writs of error coram nobis shall be filed in the trial court without first applying for and receiving permission of the supreme court; * * *."

On September 22, 1965, the same attorney who had diligently represented Taylor in the state courts filed in the United States District Court for the Middle District of Alabama, on behalf of Taylor, an application for a writ of habeas corpus. It was stipulated and agreed that the sole issue to be inquired into in the said Federal court was whether Taylor's confession and admissions against interest were illegally admitted into evidence in that at the time they were made he was not represented by counsel and had not been offered counsel. After a full and complete evidentiary hearing Taylor's application for writ of habeas corpus was denied on August 15, 1966, and he was remanded to the custody of the State of Alabama.—Taylor v. Holman, D.C., 257 F.Supp. 918.

On August 29, 1966, this court fixed October 14, 1966, as the day for execution. On October 13, 1966, the Governor granted a reprieve until November 18, 1966.

On November 15, 1966, a verified petition for writ of error coram nobis was filed in the Circuit Court of Talladega County. This petition was filed by lawyers who had not previously represented Taylor, namely, Charles S. Conley, 315 South Bainbridge Street, Montgomery, Alabama, and Donald A. Jelinek and Alvin J. Bronstein, 31½ Franklin Street, Selma, Alabama.

Upon the filing of the said petition for writ of error coram nobis, the Judge of the Circuit Court of Talladega County (29th Judicial Circuit of Alabama), the Honorable William C. Sullivan, granted a motion filed on behalf of Taylor for a stay of execution and entered an order staying the execution until January 13, 1967.

The judgment entry from which this appeal was taken contains the following language:

"* * * At the time of the granting of the stay of execution, the attorneys for Petitioner were advised in open court that petition was set for hearing and would be heard before the Court on the 13th day of December, 1966, at 10:00 o'clock, a. m. That on the 8th day of December, 1966 an order was issued by the Court for the transfer of the Petitioner, Leroy Taylor, from Kilby Prison to this Court for hearing on the day set.

"That on the 12th day of December, 1966, one of the attorneys for Petitioner, Attorney Conley, contacted the Court by telephone and requested a continuance of said cause. This attorney was advised that the witnesses had been subpoenaed, that as far as the Court was concerned, the matter stood for trial, and suggested to the attorney that he contact the District Attorney handling the matter for the State of Alabama to see if a continuance would be agreeable with the State. The Court was not contacted further by this counsel until after the scheduled hearing, and was advised by the District Attorney that he was never contacted by said counsel. That on the 13th day of December, 1966, just prior to the time set for the hearing, another of the attorneys for Petitioner, Attorney Jelinek, contacted the Court by telephone, advising the Court that he would not be present this date for the hearing and also advising the Court that the Court would hear further from Attorney Conley, who likewise would not appear. Attorney Jelinek further advised the Court that as attorneys for Petitioner they were totally unprepared to prove any portion of the factual allega-

tions of the petition pending before the Court on this date.

"Whereupon at the regular scheduled time for said hearing the Petitioner, being in open Court without counsel, the Court called upon the Honorable Ralph D. Gaines, Jr., an attorney of this bar, who had previously, by appointment, represented the Petitioner through all of the litigation preceding this hearing, to confer with Petitioner and stand in with him while the Court made certain inquiries of the Petitioner.

"Thereupon it was determined that the Petitioner had signed the present petition, although he had not read it, had not had it read to him, and was totally unaware of its contents, its allegations and charges. The Court then necessarily concludes that the allegations are groundless and baseless and were not made by the Petitioner, and were not made in good faith by his attorneys, who, admittedly, have failed to appear and substantiate same, though afforded a reasonable opportunity to do so, and who have not, as of this date, made any bona fide motion for a continuance of said cause. The Court further concludes that there should be a time in which all litigation on a case should be put to rest, even cases wherein capital punishment has been imposed.

"Whereupon, on motion of the State, for cause shown, it is, Therefore, ORDERED, ADJUDGED and DECREED as follows:

"1. That the petition of Leroy Taylor for writ of error coram nobis, be, and the same is, hereby denied and dismissed;

"2. That the Sheriff of Talledega County, Alabama return the said Leroy Taylor to the custody of the penal authorities of the State of Alabama for execution of the death sentence heretofore imposed by the Court, on the 13th day of January, 1967, which said last date being the date to which said stay was heretofore granted by this Court.

"DONE, this the 13th day of December, 1966.

/S/ William C. Sullivan
Circuit Judge from the 29th
Judicial Circuit of Alabama."

On December 15, 1966, an unsworn "Motion to Vacate Order of Dismissal" was filed by Attorneys Charles S. Conley, Donald A. Jelinek and Alvin J. Bronstein, which motion contained two grounds:

"1 Consel [sic] of record was unable to be present at the hearing scheduled for December 13, 1966, and

"2 Petitioner should not be put to death because of the inability of his counsel to appear at the said hearing."

On December 16, 1966, the so-called "Motion to Vacate Order of Dismissal" was submitted in open court by one of the aforenamed attorneys on the unsworn motion alone, without proof or offer of proof. The motion was overruled. Apparently no effort was made to contradict in any way the findings of the trial court included in its judgment entry of December 13, 1966, denying and dismissing the petition for writ of error coram nobis.

On January 5, 1967, there was filed in the office of the Clerk of the Circuit Court of Talladega County a "Notice of Appeal" from the "Order of Judge William C. Sullivan, Circuit Judge for the 29th Judicial Circuit of Alabama, dated and filed December 13, 1966, dismissing Petitioner's Petition for Writ of Error Coram Nobis, * * *" This "Notice of Appeal" was signed by "C. H. Erskine Smith, 1400 City National Bank Building, Birmingham, Alabama" and by "Donald A. Jelinek, Lawyers Constitutional Defense Committee, 31½ Franklin Street, Selma, Alabama."

On January 9, 1967, this court ordered a stay of execution pending final determination of this appeal.

On the record before us we can reach no conclusion other than that counsel

who filed the petition' for writ of error coram nobis in the Circuit Court of Talladega County were simply either playing for time, or expected the trial court to ignore all orderly procedure and grant a continuance simply because one of the attorneys found it inconvenient to be present at the time fixed for the hearing of the petition which the attorneys had filed without even making known to Taylor the contents thereof.

We conclude that the trial court did not commit reversible error in denying and dismissing the petition for writ of error coram nobis under the circumstances shown by this record.

Counsel who filed the petition for writ of error coram nobis and who, in effect, ignored the trial court, are not inexperienced in cases of this nature. They were not court-appointed. And while they may not have been employed by Taylor or his family, their services were made available to Taylor by a national organization. One or more of the lawyers have appeared in this court and many of the trial courts of this state in cases where some, if not all, of the questions raised in the petition for writ of error coram nobis in this case were raised. Those lawyers by virtue of their experience were bound to have known that they, or one of them, was expected to appear at the hearing or have presented to the trial court some reasonable, plausible explanation as to why their appearance was impossible.

Although we have held that the trial court did not err in dismissing the petition for writ of error coram nobis without a hearing in view of conduct of appellant's counsel, we think it would not be amiss to make some observations relative to the several grounds of the petition which was dismissed.

The grounds of the petition for writ of error coram nobis may be summarized as follows:

(1) Members of the Negro race were systematically and arbitrarily excluded from the grand jury which indicted Taylor and the petit jury which tried him, in violation of the Fourteenth Amendment to the Constitution of the United States, in that:

"(a) No Negroes were on the petit jury that tried the petitioner.

"(b) According to the United States Census of 1960, there were 4,281 non-white males aged 21 or more and 12,125 white males aged 21 or more in Talladega County. Negroes comprise 26% of the males over 21 in Talladega County. [There is no averment as to the number of non-white males on the jury roll.]

"(c) The Jury Commission of Talladega [County] in violation of Alabama statutes, failed to place the names of all qualified jurors on the jury roll. In obtaining names for the jury roll, the Jury Commissioners used methods such as acquaintance and familiarity which operate discriminatorily to exclude Negroes.

"(d) Negroes rarely, if ever, serve on petit juries in criminal cases in Talladega County. The solicitor consistently uses strikes to keep Negroes from serving on juries.

"(e) Only a token number of Negroes served on grand juries in Talladega County."

True, there was no evidentiary hearing in support of the above allegations, but we think it reasonable to assume that counsel for Taylor would have been unable to offer proof substantially stronger than that produced in the case of Swain v. State, 275 Ala. 508, 156 So.2d 368, in which all of these questions were raised and where we upheld the action of the Circuit Court of Talladega County in refusing motions to quash the indictment and the trial venire. Swain was indicted by a grand jury of Talladega County on April 17, 1962, and, as heretofore shown, Taylor was indicted by a grand jury of the same county on April 17, 1963. Swain v. State, supra, was af-

firmed by the Supreme Court of the United States.—Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.

(2) Section 318, Title 14, is unconstitutional on its face and as applied because it deprives a defendant of the opportunity "to present evidence or testify on the issue of sentence without waiving his privilege against self-incrimination"; because it does not provide for a separate proceeding for "determining sentence" and because it gives to a petit jury unlimited, uncontrolled and unreviewable discretion in choice of sentence without a defendant having an opportunity of presenting "aggravating or mitigating circumstances"; that said statute authorizes a jury to impose "cruel and unusual punishment," death.

Section 318, Title 14, Code 1940, reads, in pertinent part: "Any person who is guilty of murder in the first degree, shall, on conviction, suffer death, or imprisonment in the penitentiary for life, at the discretion of the jury; * * *."

■ We are aware of no case, state or federal, which holds that a statute similar to § 318, Title 14, supra, is unconstitutional because it authorizes the same jury to determine the question of guilt and the sentence to be imposed.

In McCants v. State, 282 Ala. 397, 211 So.2d 877, we upheld the constitutionality of § 318, Title 14, supra, as against the attack that it "does not set up any standards by which the jury is to exercise its discretion in sentencing."

■ In so far as we are advised, the Supreme Court of the United States has not up to the present time held that a death sentence is "cruel and unusual punishment" or that a statute which authorizes the imposition of the death sentence for murder is unconstitutional. See Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, decided on June 3, 1968. Also see Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, decided on June 3, 1968;

Seals v. State, 282 Ala. 586, 213 So.2d 645, decided on August 15, 1968; Boykin v. State, 281 Ala. 659, 207 So.2d 412.

(3) Petitioner was deprived of due process of law and the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution in that women were excluded from the grand and petit juries pursuant to Title 30, § 21 of the Code of Alabama of 1940, which at the time of petitioner's trial specified inter alia that only the names of males should be placed on the jury roll.

■ There is no merit in this contention. Taylor was convicted in 1963. It was not until February 7, 1966, that a three-judge federal district court held that the statutes of this state which totally exclude women from jury service were unconstitutional. White v. Crook, D.C., 251 F.Supp. 401. But after pointing out that "the courts have not heretofore been called on to decide a case presenting the constitutional validity of a state's complete exclusion of women from service as jurors," the Court, in the White case, supra, provided that its holding that Alabama's prohibition of jury service for women is unconstitutional "should be prospective in its application, and, for that reason, should have no retroactive effect" and further set June 1, 1967, as the time when "the defendants should be required to include women as jurors." We point out that on September 12, 1966, two acts of the 1966 Special Session of the Alabama Legislature became effective, which have the effect of requiring members of jury commissions and jury boards of this state to place the names of qualified women on the jury rolls.—Acts 284 and 285, Acts of Alabama, 1966 Special Session, pages 427 and 428.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.