231 So.2d 109

**Leroy TAYLOR**

v.

**STATE of Alabama.**

7 Div. 852.

Supreme Court of Alabama.

Jan. 29, 1970.

Rehearing Denied Feb. 12, 1970.

C. H. Erskine Smith, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

A defendant, who has been convicted for murder in the first degree, appeals from a judgment of the trial court dismissing without prejudice his second petition for writ of error coram nobis.

The defendant, Leroy Taylor, a negro, was adjudged guilty and sentenced to suffer death for the murder of a seven-year-old negro girl. The judgment of conviction was affirmed by this court February 6, 1964. Taylor v. State, 276 Ala. 232, 160 So.2d 641.

Defendant's application for habeas corpus was denied by the United States District Court for the Middle District of Alabama, Northern Division, August 15, 1966. Taylor v. Holman, 257 F.Supp. 918.

On November 15, 1966, defendant filed in the Circuit Court of Talladega County a petition for writ of error coram nobis, which petition will be referred to as the first petition. Defendant's first petition was denied and dismissed by a judgment of the circuit court, which judgement was affirmed by this court August 29, 1968. Taylor v. State, 282 Ala. 673, 213 So.2d 836.

The defendant applied to the Supreme Court of the United States for certiorari to review our judgment of affirmance which is reported in 282 Ala. 673, 213 So. 2d 836. Certiorari was denied by the Supreme Court of the United States on January 27, 1969. Taylor v. Alabama, 393 U.S. 1072, 89 S.Ct. 732, 21 L.Ed.2d 716.

While defendant was seeking review of the denial of his first petition, he filed a second petition for writ of error coram nobis.

During pendency of defendant's application to the Supreme Court of the United States for certiorari to review the judgment denying and dismissing his first petition, the Circuit Court of Talladega County granted the state's motion to dismiss the second petition. The judgment dismissing the second petition is dated January 10, 1969, and is the judgment from which defendant takes the instant appeal. Defendant requested oral argument and the cause was argued and submitted in this court on January 14, 1970.

Defendant says the court erred in dismissing his second petition.

In the trial court, the first petition is Case No. 2665–X, and the second petition is Case No. 2714–X. The judgment dismissing the second petition, which is dated January 10, 1969, and from which the instant appeal is taken, contains the following statement:

"* * * The Petitioner has only one sentence from this Court. The case and subject matter of Case Number 2665–X and this Case No. 2714–X are one and the same. That although the Supreme Court of Alabama has ruled on Case Number 2665–X, there is presently pending in connection with said appeal a Petition for Writ of Certiorari before the United States Supreme Court. There has not been a final disposition of the First Petition on appeal. This is evident from matters of record in said cause, as well as correspondence from the attorney presently representing Petitioner in this cause, who likewise represents Petitioner on the pending appeal of Case Number 2665–X."

It appears to be undisputed that the last quoted statement is correct.

The judgment of January 10, 1969, further recites:

"It is, Therefore, ORDERED, ADJUDGED and DECREED as follows:

"That the petition in this cause be, and the same is, hereby dismissed, but without prejudice to again proceed herein if and when this Court could properly assume jurisdiction of said cause."

As stated above, the application to the Supreme Court of the United States for certiorari to review the judgment denying and dismissing the first petition was denied by the Supreme Court of the United States on January 27, 1969; and, since that date according to the terms of the judgment appealed from, defendant has been and now is at liberty "* * * to again proceed * * *" on the second petition as he may be advised.

■ The result is that the question whether the trial court erred in rendering the judgment of January 10, 1969, is now moot. Whether the judgment be reversed or affirmed, or the appeal dismissed, the defendant is left in the same position; that is, he may again proceed on the second petition.

Since January 27, 1969, any delay in the trial court's consideration of the second petition is the result of defendant's own failure to again undertake to present the petition to the trial court.

■ Purely academic questions are not considered on appeal. Vernon v. State, 245 Ala. 633, 637, 18 So.2d 388. Although there are some exceptions, appellate courts will not ordinarily consider academic, moot, or abstract questions. Since the result of any possible decision on the issue, here sought to be presented, will not afford to defendant any relief which he does not already have, we are of opinion that the appeal should be dismissed as moot.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.