LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a denial of appellants’ (petitioners’) petition for writ of ha-beas corpus. According to the petition, each petitioner had entered a plea of guilty to an indictment charging him with second degree burglary and upon his conviction was sentenced as an habitual felony offender pursuant to the Habitual Felony Offenders Act, now codified as § 13A-5-9 of Code of Alabama 1975. The habeas corpus proceeding was instituted by a joint pro se petition, and they have filed a pro se brief. The petition was denied without an eviden-tiary hearing on motion of the State.
Appellants are consistent in presenting the same claim for relief that they presented by their habeas corpus petition and an accompanying brief and argument, which have been commendably concise and to the point.
We hereby endeavor to determine the issue presented directly by the parties, aside from any question as to whether it is properly raised by habeas corpus proceeding.
The judgment of conviction and sentence which each of the appellants is now serving was rendered on December 1, 1980. We do not have the record before us as to the time of the occurrence of the burglary in the second degree of which each appellant was guilty. We do not have the information as *523 to the time of the commission of the previous felonies that were taken into consideration in fixing each appellant’s punishment. However, we must conclude from the issue joined by the parties and their respective contentions that the other felonies were committed prior to the commission of the mentioned felony of burglary in the second degree by each defendant. In appellants’ brief it is stated:
“On December 1, 1980, the appellants were brought once again before Judge Gamble for trial. At this time attorneys for the appellants advised that they enter a plea of guilty. At no point were the defendants advised that the statute under which they were being tried was unconstitutional or that convictions prior to January 1, 1980, should not be applied in seeking enhancement of -punishment. The defendants entered pleas of guilty and were sentenced under Title 13A of the Code of Alabama 1975 as habitual offenders.”
In the quoted paragraph of appellants’ brief is to be found the heart of their insistence upon a reversal. If the Habitual Felony Offenders Act were unconstitutional as applied to previous convictions for crimes committed prior to the commission of the felony in a pending case, defendants should have been so advised. However, the law under consideration, Alabama Criminal Code, § 13A-5-9, which provides for enhancement of punishment upon a conviction of a felony by reason of one or more previous felony convictions, is not unconstitutional, even when applied to previous convictions for previously committed felonies that occurred prior to the effective date of the law pertaining to previous felony offenders. This has been repeatedly held and is now firmly established. Watson v. State, Ala.Cr.App., 392 So.2d 1274 (1980), cert. denied, Ala., 392 So.2d 1280; Williams v. State, Ala.Cr.App., 393 So.2d 492 (1981); Coker v. State, Ala.Cr.App., 396 So.2d 1094 (1981); Green v. State, Ala.Cr.App., 398 So.2d 376, cert. denied, Ala., 398 So.2d 380 (1981).
Appellants are correct in the position taken by them that as the effective date of the Alabama Criminal Code, including the provisions as to enhanced punishment for habitual felony offenders, was January 1, 1980, and that if construed and applied so as to create crimes that were not crimes prior to January 1, 1980, or to increase the punishment for crimes committed prior to January 1,1980, the law would be unconstitutional as violative of each defendant’s constitutional right to protection against ex post facto laws. The crime committed by each of the appellants that resulted in the judgments of conviction and sentence upon which this consolidated appeal is based was committed subsequent to, not prior to, January 1, 1980. If it had been committed prior to January 1, 1980, appellants would be correct in their conclusion.
It is stated in Coker v. State, supra, at 396 So.2d 1098:
“The habitual offender statute was effective at the time the appellant committed the instant offense. It specified the punishment for anyone who commits a felony after having been previously convicted of a felony or felonies. At the time the appellant contemplated committing the instant felony, he was charged by law with knowledge that if he committed the felony he would be subject to punishment under the habitual offender statute. The statute therefore had no ex post facto application.”
In Williams v. State, supra, per DeCarlo J., it is stated:
“The United States Constitution and the Alabama Constitution prohibit the passage of ex post facto laws .... The theory behind the prohibition is that no one should be punished for conduct when the law has not given him advance warning that the conduct was a criminal offense. Section 13A-5-9, Code, supra, does not punish the appellant for past conduct, but merely increased his punishment for his latest offense.... ”
At this writing, it seems that the most recently reported case in Alabama as to the contention made by the appellants herein is *524 Chambers v. State, Ala.Cr.App., 418 So.2d 948 (Aug. 24, 1982), in which it is stated in an opinion by Presiding Judge Harris at page 951:
“Consideration of a defendant’s prior conviction in sentencing him pursuant to the Habitual Offender Act does not give the Act efficacy as a constitutionally prohibited ex post facto law, even though such prior convictions occurred before the effective date of the Act.... The important consideration is that, at the time appellant contemplated committing the instant felony, he was charged by law with knowledge that if he committed the felony he would be subject to punishment under the Habitual Offender Act.... ”
This opinion, on the single proposition advanced by appellants for a reversal, may well seem to be more lengthy than it should be. We trust that the length is in the interest of justice, even though it to some extent may be out of deference for the apparent sincerity of the appellants as manifested in their splendidly prepared and fully understandable pro se brief.
The judgment of the trial court in each petitioner’s case should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.