[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 855 
Gary Paul Dutton was indicted by the June, 1982, term of the Walker County Grand Jury for the March 8, 1982, first degree robbery of Handy Dandy, located on old Highway 78. He was tried on September 15, 1982, with the jury finding him "guilty as charged." Appellant was found to be a habitual offender and pursuant to the provisions of § 13A-5-9, he was sentenced to life imprisonment without the benefit of parole. From that conviction he now appeals in forma pauperis.
Appellant does not challenge the sufficiency of the state's evidence. Consequently, only a brief narration of the facts is necessary.
Around 8:00 p.m. on March 8, 1982, appellant entered the Handy Dandy store and asked the clerk, who had been employed only three days prior, for a candy bar. The victim directed appellant to the candy rack. Upon arriving, appellant informed her that there were no candy bars of the particular brand he wanted. The victim then stepped to the rack and opened a new box of candy bars. At that time, appellant grabbed her by the waist and placed a knife by her side. He escorted the victim to the cash register and made her open it and give him the money, which totalled about $200. The victim had an excellent opportunity to observe appellant as she remained in his presence for about one to one and one-half hours. The store was well lit and nothing prevented her from fully observing appellant.
Appellant then forced the victim into his car and drove a couple of miles away to a secluded area and forced her to have sodomy and sexual intercourse with him. At all times, appellant held the victim at knife point. Finally, appellant allowed her to leave at which time she went to the first house she saw and called the police. The victim positively identified appellant as the robber and assailant.
Extensive scientific evidence was presented which unequivocally established appellant's commission of the instant crime as well as the subsequent acts with the victim. Appellant presented no evidence in his defense.
 I
Testimony concerning the victim's subsequent kidnapping, rape, and forced performance of oral sex was admissible as being part of one continuous transaction or one continuous criminal occurrence. These facts are inseparably intertwined with the instant offense and occurred directly after the robbery, at a place where appellant could accomplish such without detection. The evidence tended to prove appellant's guilt "otherwise than as tending to prove guilt via bad character." Gamble, McElroy's Alabama Evidence § 69.01 (3d ed. 1977). See Smarr v. State, 260 Ala. 30, 68 So.2d 6 (1953);Jackson v. State, 229 Ala. 48, 155 So. 581 (1934); Minnifieldv. State, 397 So.2d 189 (Ala.Cr.App.), cert. denied,397 So.2d 195 (Ala. 1981); Thompson v. *Page 856 State, 374 So.2d 377 (Ala.Cr.App. 1978), aff'd, 374 So.2d 388
(Ala. 1979); Summers v. State, 348 So.2d 1126 (Ala.Cr.App.),cert. denied, 348 So.2d 1136 (Ala. 1977); Brown v. State,338 So.2d 1050 (Ala.Cr.App. 1976); Shields v. State, 52 Ala. App. 690, 296 So.2d 786, cert. denied, 292 Ala. 749, 296 So.2d 793
(1974).
 II
We find no error in the trial court's denial of appellant's motion for a bifurcated trial to determine his sanity at the time of the commission of the instant offense. The determination of an accused's sanity at the time of the commission of the crime is a question for the jury to be presented at trial along with the state's evidence. Such allows the jury a clear choice between opposing viewpoints as to the facts and circumstances surrounding the crime. We see no need to establish a new procedure of allowing the jury to separately weigh the evidence presented by the state and the accused. Such could prove to be prejudicial and damaging to appellant. We note that such a procedure is allowed in determining competency to stand trial. See Atwell v. State, 354 So.2d 30 (Ala.Cr.App. 1977), cert. denied, 354 So.2d 39 (Ala. 1978); Ala. Code §15-16-21 (1975).
For a thorough discussion of the insanity defense and its proof at trial, see Cunningham v. State, 426 So.2d 484
(Ala.Cr.App. 1982). See also Ala. Code § 15-16-2 (1975).
 III A
No error occurred in the denial of appellant's August 2, 1982, motion for appointment of a psychiatrist at state expense for the purpose of determining his sanity at the time of the crime. Appellant's motion provided no facts to support his request. Appellant did not request a hearing to provide such or make any statement to the trial court in support thereof. Consequently, all that was before the trial court was the bare allegations enumerated in the motion.
"It has been repeatedly held that a denial of funds to pay defense experts for investigations and the assistance of experts does not amount to a deprivation of constitutional rights." Thigpen v. State, 372 So.2d 385, 386 (Ala.Cr.App.),cert. denied, 372 So.2d 387 (Ala. 1979). This includes psychiatric specialists and experts. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974). A defendant has no right to receive a mental examination to determine his sanity at state expense whenever he requests one. Absent such a right, the trial court is the proper screening agent as to such. Allums v. State,368 So.2d 313 (Ala.Cr.App. 1979); Robinson v. State, 337 So.2d 1382
(Ala.Cr.App. 1976).
We note that § 15-12-21 (d) Code of Alabama 1975 provides up to $500 for reimbursement for reasonable expenses incurred in the preparation of an accused's defense.
Based upon the record of proceedings before us, we find no abuse in the trial court's discretion in denying the motion.Colley v. State, 405 So.2d 374 (Ala.Cr.App. 1979), rev'd onother grounds, 405 So.2d 391 (Ala. 1981).
 B
On September 13, 1982, two days before trial, appellant filed a series of motions, one being a motion for a continuance. He asserted therein that his August 2 motion for appointment of a psychiatrist had been denied on September 3. Thereafter, appellant's three indictments arising out of the instant incident had been consolidated for trial. Afterwards, on September 10, he procured the services of a private psychiatrist to evaluate his mental status. Based solely upon the fact that his cases were consolidated for trial, which was ultimately reversed, appellant contends that he had inadequate time to prepare his defense, especially in the area of his psychiatric evaluation.
In addition, we note the following facts: Appellant was arrested on March 10, and was appointed counsel on April 20. Appellant was indicted on June 23, and arraigned *Page 857 
on all charges on July 30. Appellant twice was evaluated, once on July 12 and the other on August 30. His personal examination was performed on September 14-15.
We find no abuse of discretion in the trial court's denial of appellant's motion for a continuance. Regardless of whether appellant's cases had been consolidated for trial, such did not place any additional burden upon him in preparing his psychiatric evaluation. Appellant was aware of the viability of his insanity defense long before he filed his September 13 motion for a continuance. His prior motion concerning employment of a psychiatrist at state expense had been denied on September 3. His personal examination was performed and completed prior to the conclusion of his trial.
A motion for a continuance is addressed to the sound discretion of the trial court, Ball v. State, 409 So.2d 868
(Ala.Cr.App. 1979), cert. denied, 409 So.2d 876 (Ala. 1980), and a reversal will not be predicated upon such absent a positive demonstration of abuse of judicial discretion. Jacksonv. State, 414 So.2d 1014 (Ala.Cr.App. 1982). See generallyMorris v. Slappy, ___ U.S. ___, 103 S.Ct. 1610, 75 L.Ed.2d 610
(1983).
Consequently, we find no error in the denial of appellant's motion.
 IV A
Appellant's "motion for production of written statement for use in possible impeachment of prosecuting witness" (the victim) was properly denied by the trial court. See Killough v.State, [Ms. 3 Div. 400, June 29, 1982] (Ala.Cr.App. 1982).
 B
Likewise, appellant's motion for production of the testimony presented before the grand jury was properly denied. Millicanv. State, 423 So.2d 268 (Ala.Cr.App. 1982); See also Ala. Code §12-16-214, et seq. (1975).
 V
Appellant's motion to have the state pay for independent testing of samples taken from the victim and himself was properly denied. Brown v. State, 392 So.2d 1248 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1266 (Ala. 1981); Thigpen, supra; Code § 15-12-21 (d), supra.
 VI
Appellant argues that the state violated his motion to produce in that it failed to inform him of the name of one of its witnesses.
The record reflects a motion to produce being personally delivered to the state on August 2. There is no evidence that (1) the motion was filed with the circuit court, (2) brought to the attention of the trial court, and (3) ruled upon. At trial, prior to the reception of the witness' testimony, appellant objected stating that he had previously filed the above motion "and a list of names was furnished" by the state, but "did not include this particular witness." R. 118. The assistant district attorney stated that on the first day of trial he did inform appellant of the witnesses he planned to call, such being "the first time that . . . [appellant] mentioned it." R. 118. Upon inquiry by the trial court, the state revealed that the witness would testify to the results of examination of latent fingerprints lifted at the store and from appellant's car. The testimony would reveal that no fingerprints of the victim were found at either place, no fingerprints of appellant were found at the store, and one identifiable latent fingerprint made by appellant was found in his car.
In brief, appellant relies upon Proposed Rule of Criminal Procedure 16.1 (e)(1) to justify reversal of this cause. We note that A.R.Crim.P. 16 as enacted by the Supreme Court, does not deal with the subject matter of the proposed rule cited by appellant. The proposed rule has not been adopted.
The state substantially complied with appellant's August 2 request although it was not obliged to do so since, for aught that appears, the trial court had never ruled *Page 858 
upon the motion. Nevertheless, appellant was not prejudiced by the testimony of the witness, which was identical to that earlier recited by the assistant district attorney to the trial court. No incriminating fingerprint evidence was found at the store. Moreover, it would be only natural to find appellant's fingerprints in his own car. However, no fingerprint of the victim was found therein.
Thus, we find no error in the admission of the witness' testimony.
 VII
Subsequent to appellant's conviction and prior to his sentencing hearing, appellant filed an "extraordinary motion for a new trial" concerning the private psychiatric evaluation performed on him. The examination was performed on September 14-15, with the trial concluding on September 16. Nothing in the record indicates that the report was not available for his use at trial.
We have completely reviewed the report of appellant's psychiatric evaluation and find nothing therein which, if presented to the jury, would have altered its verdict. The report was in fact more favorable to the state than appellant. We find no abuse of the trial court's discretion in this regard.
 VIII Section 13A-5-9 Code of Alabama 1975 (Habitual felony offenders statute) is not violative of the ex post facto clause, Davidson v. State, 426 So.2d 522 (Ala.Cr.App. 1983);Chambers v. State, 418 So.2d 948 (Ala.Cr.App. 1982); Dozier v.State, 415 So.2d 3 (Ala.Cr.App. 1982), the cruel and unusual punishment clause. Dozier, supra; Serritt v. State,401 So.2d 248 (Ala.Cr.App.), cert. denied, 401 So.2d 251 (Ala. 1981), and does not cause double jeopardy. Johnson v. State, 398 So.2d 393
(Ala.Cr.App. 1981). IX
Lastly, appellant contends that the trial court erred in denying his written motion for a presentence investigation and report.
Appellant's trial concluded on Thursday, September 16 with the trial court setting Monday, September 20 as the date for sentencing. On September 20 appellant filed in open court his written motion. The motion was denied. The state then presented its evidence of appellant's prior convictions which were admitted into evidence. Subsequent thereto, appellant was sentenced, pursuant to Section 13A-5-9 (c)(3) Code of Alabama 1975, to life imprisonment without the benefit of parole.
In the instant cause, the trial court had no discretion over the penalty to be imposed upon appellant. Upon the state meeting the requirements of Section 13A-5-9 (c)(3), the trial court was required to sentence appellant to life imprisonment without the benefit of parole. Under A.R.Crim.P. 3 (a)(1), the trial court may require a presentence report in those cases in which it has discretion in the penalty to be imposed. While the record sheds no light as to the reason why the trial court did not sua sponte order a presentence report, it may have realized that such would have been of little benefit to appellant since it had no discretion in the sentence it could impose.
Furthermore, appellant could have filed his motion on September 16 and 17 and, thus, given the trial court a greater opportunity to grant it. See Coleman v. State, 411 So.2d 814
(Ala.Cr.App. 1981). By waiting until the day of sentencing to file his motion, appellant was requesting the trial court to postpone sentencing him although the end result would be the same. In essence, appellant, by delaying filing of his motion until the announced date of sentencing, was requesting a continuance although he did not expressly move for such.
While the record reveals a technical violation of A.R.Crim.P. 3 (a)(2), which is identical to Section 13A-5-5 Code of Alabama 1975, we find no evidence or any showing by appellant in the record which would illustrate that such resulted in injury to appellant's substantial rights. There is nothing in the record to indicate that appellant *Page 859 
was prejudiced in any way by the denial of his motion. Consequently, we find this technical violation to be harmless. A.R.A.P. 45A.
We have reviewed appellant's contentions raised on appeal and find no error. Thus, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.