Jimmie Dale Stephenson was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The appellant pled guilty to said offense and was sentenced to 20 years' imprisonment in the penitentiary.
The facts of this case are not relevant to the disposition of the issues raised on appeal and, therefore, will not be recited.
 I
Prior to this appellant's guilty plea, he pled not guilty by reason of insanity. Defense counsel filed a petition with the trial court requesting an investigation of the appellant's sanity. Pursuant to this petition, the trial judge ordered a psychiatric examination of the appellant be conducted by Dr. Joseph Glaister of the Riverbend Center for Mental Health. After the examination of the appellant, a hearing was held on this matter.
At the hearing all of the records and evaluations of the appellant were admitted into evidence, including an evaluation done by Dr. Joseph Sides, a consulting psychologist with the Riverbend Center for Mental Health. Dr. Sides administered the Minnesota Multiplasic Personality Inventory Test to the appellant but considered the test invalid because ". . . individuals who respond as Mr. Stephenson did are frequently identified as either being unable to read, as being extremely psychotic, or as having a need to appear psychotic." (R. 58). The results of this test were consistent with a previous administration of this test to the appellant. Dr. Sides stated in his evaluation that the appellant ". . . is without hallucinations, delusions, or affective disturbance of psychotic disorder." (R. 59). He further stated that there was no evidence of the presence of a thought disorder, or a dynamic organic process, or that he was psychotic at the time of the offense.
In conclusion, Dr. Sides stated that the appellant understands the gravity of the offense and the proceedings and he should be able to stand trial. He believed that the appellant might not be able to assist his attorney in this defense because he claims he cannot remember the incident.
Dr. Glaister, who also examined the appellant, testified that he found no evidence of psychosis or an organic brain tumor. Following his examination of the appellant, Dr. Glaister felt the incident could have been a result of an alcoholic blackout. However, after Dr. Glaister heard the details of the offense at the hearing, he thought the appellant might have a personality disorder and stated he felt it might be wise to further evaluate the appellant.
At the end of his testimony, Dr. Glaister stated that he was confident in his opinion that there was no evidence of psychosis or an organic brain tumor. He stated to the court that the appellant was capable of *Page 1357 
assisting his attorney in his defense and that there was no mental illness present which should prevent the appellant from standing trial.
The appellant now contends the trial judge erred by not requiring a further evaluation into the appellant's sanity following this hearing. This argument is without merit.
As the appellant admits in brief, the standard of review in this instance is whether the trial judge abused his discretion by not requiring further evaluation into the appellant's sanity. Robinson v. State, 428 So.2d 167 (Ala.Crim.App. 1982), cert. denied 428 So.2d 167 (Ala. 1983). Based on the evidence set out above, we do not find any abuse of discretion by the trial judge. Neither doctor found any evidence of psychosis or organic brain disorder. Evidence was presented that the appellant understood the nature of the charges against him, that he was able to assist his attorney in his defense and that he was capable of standing trial.
Therefore, we hold there was no error here.
 II
The appellant contends that a proper sentencing hearing was not held in this case.
Rule 2 (b)(2), Alabama Temporary Rules of Criminal Procedure states that "Upon a determination of guilt the court shall conduct a sentence hearing and pronounce sentence. . ." Rule 6 (b)(1), Alabama Temporary Rules of Criminal Procedure provides that the sentence hearing may be held immediately following a determination of guilt or it may be held at a later date.
Immediately after the appellant was adjudged guilty, he was given the opportunity to present relevant information concerning his sentence. No evidence was presented and the trial judge then sentenced the appellant in accordance with a previous agreement between the appellant and the State. Neither party requested a pre-sentence report and, therefore, the court was not required to consider such report before he pronounced sentence. The trial judge had sufficient information concerning the appellant and the facts of this case to make a determination of sentence at the time he pronounced the sentence.
Therefore, we hold a proper sentencing hearing was held in this case.
 III
The appellant claims error because the trial judge failed to explain the terms of the sentence to him as required by Rule 8 (b)(3), Alabama Temporary Rules of Criminal Procedure. We do not find such to be the case.
The colloquy between the trial judge and the appellant is set out as follows:
 "THE COURT: I have been handed two forms, the first form is a request to Enter a Plea of Guilt form which you and your Attorney have signed. Have you gone over this form yourself?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: Has your Attorney gone over the form with you and explained it to you?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: Do you understand, Mr. Stephenson, that there are rights listed on this form that you're giving up if you enter a plea of guilty in this case?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: Included in those rights is a right to a jury trial and we have a jury, access to a jury, today. Do you understand that?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: All right, sir, do you have any questions about this form or about the rights that you're giving up?
"MR. STEPHENSON: No, sir.
 "THE COURT: No questions at all about the rights you're giving up or about the form?
"MR. STEPHENSON: No, sir.
 "THE COURT: The second form is a Plea Agreement form, which in effect states that you would plead guilty as *Page 1358 
charged in the Indictment and I believe that is a rape indictment and that the District Attorney would recommend a sentence of twenty (20) years. Now, is that your understanding of the total agreement?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: Has anyone given you any other assurances or promises or have they threatened you in any way to get you to enter a plea of guilt in this case?
"MR. STEPHENSON: No, sir.
 "THE COURT: You understand now, Mr. Stephenson, that you would not be granted any probation or any split sentence —
"MR. STEPHENSON: Yes, sir.
"THE COURT: — or any suspended sentence?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: All right, do you have any questions about that?
"MR. STEPHENSON: No, sir.
 "THE COURT: Do you understand that you will be sentenced today?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: Do you have any questions now about the Plea Agreement form or about the Plea Agreement?
"MR. STEPHENSON: No, sir.
 "THE COURT: Do you have any questions at all that you would like to ask me before you enter your plea?
"MR. STEPHENSON: No, sir.
 "THE COURT: You have previously had the Indictment read to you, I believe, and do you understand what that charges?
"MR. STEPHENSON: Yes, sir.
 "THE COURT: To the offense of Rape in the First Degree, Mr. Stephenson, how do you plead?
"MR. STEPHENSON: Guilty.
 "THE COURT: Tell me what you did in this case Mr. Stephenson?
 "MR. STEPHENSON: I just went home and tied the victim up and had sexual intercourse with her.
 "THE COURT: All right, sir, we accept your plea of guilty and adjudge you guilty." (R. 23-25).
As the trial judge stated the appellant executed a plea agreement and an Ireland form. The Ireland form set out the possible range of sentence for rape in the first degree and the appellant stated this form had been explained to him and he understood it. The twenty year sentence which the appellant received was set out in the plea agreement which the appellant stated that he understood.
The colloquy between the trial judge and the appellant, taken together with the plea agreement and the Ireland form, clearly illustrates that the appellant was aware of the terms of his sentence and the possible range of punishment for this offense.
It is clear that all of the requirements of Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were met and, therefore, there is no merit to this issue.
 IV
The appellant argues that the trial judge erred by failing to inform him of his right to appeal as required by Rule 9, Alabama Temporary Rules of Criminal Procedure. As the appellant admits in brief, that although this right was not explained to him, counsel was appointed for him on appeal and he did file an appeal. Thus, any error which allegedly occurred was rendered harmless by the appellant's filing of his appeal and our consideration thereof.
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1359