Appellant, William Blevins, Jr., was indicted and convicted of robbery in the first degree. Appellant was sentenced to life without parole in accordance with the Alabama Habitual Felony Offender Act. Appellant raises two issues.
 I
Appellant contends the trial court erred in refusing to grant his motion requesting a psychiatric evaluation to determine whether or not he was insane at the time the offense was committed.
In support of his motion for psychiatric evaluation, appellant testified that he could not recall the robbery; that he was subject to occasional blackouts; that he had a prolonged drug abuse habit; and that he felt like "something was wrong." Appellant's mother testified, in response to leading questions by defense counsel, that she felt appellant was insane and that she did not think appellant was capable of distinguishing between right and wrong at the time of the offense. The minimal evidence presented was conclusory and nonspecific. Moreover, the evidence established that appellant had never been examined or treated for mental problems, and no evidence that appellant was suffering from a psychosis was offered.
A defendant does not have a right to a mental examination whenever he requests one. Robinson v. State, 428 So.2d 167
(Ala.Cr.App. 1982), cert. denied, 428 So.2d 167 (Ala. 1983). Absent such a right, the trial court is the proper screening agent as to requests for mental examination. Dutton v. State,434 So.2d 853 (Ala.Cr.App. 1983), and cases cited therein. The standard of review in this matter is whether the trial court abused its discretion by not requiring further evaluation of appellant's sanity. Stephenson v. State, 469 So.2d 1355
(Ala.Cr.App.), cert. denied, 469 So.2d 1355 (Ala. 1985);Beauregard v. State, 372 So.2d 37 (Ala.Cr.App.), cert. denied,372 So.2d 44 (Ala. 1979).
Based on the record of proceedings before us, we find no abuse in the trial court's discretion in denying the motion. Appellant admitted, through his counsel, that he was competent to stand trial. While confined awaiting trial, he had been examined by a psychiatric social worker at the State's request. Although the record is silent as to the results of the social worker's examination, it is reasonable to infer that the results were not supportive of appellant's motion.
 II
Appellant asserts that the trial court erred in refusing to charge the jury on his defense of mental disease and defect, and in withdrawing the issue from the jury. The trial court stated:
 "Viewing the evidence in the light most favorable to the defendant, the court finds that at best there's evidence of prolonged drug abuse interrupted by periods of incarceration where drug abuse was not involved.
 "There is testimony of a blackout on one occasion from the evidence apparently associated with a bleeding ulcer, and that the defendant has a long history of general anti-social behavior. I find there is no evidence at the time of this crime he lacked the substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.
 ". . . I will rule at this time there is not, as a matter of law, evidence sufficient for this case to go to a jury in regard to the question of not guilty by reason of mental disease or defect."
We agree with the trial court's findings and conclusions. They are fully supported by the record.
In determining whether there is sufficient evidence of insanity to warrant *Page 916 
the submission of that issue to the jury, the trial judge must decide if there is any evidence of legal insanity. That is, is there any evidence that the defendant, at the time of the crime, lacked the substantial capacity as a result of a mental disease or defect to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.Young v. State, 428 So.2d 155 (Ala.Cr.App. 1982), cert. denied,428 So.2d 155 (Ala. 1983); Alabama Code 1975, § 13A-3-1. Where there is no evidence to establish the plea of insanity, the trial judge may instruct the jury that there is no evidence which would justify a finding of not guilty by reason of insanity and remove that issue from their consideration. Youngv. State, supra; Cunningham v. State, 426 So.2d 484
(Ala.Cr.App. 1982), cert. denied, 426 So.2d 484 (Ala. 1983).
In the instant case, after viewing the evidence in the light most favorable to appellant, the trial court reached the only reasonable conclusion and properly withdrew the insanity issue from the jury.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.