The appellant, Abel Soriano, was arrested and indicted for possession of cocaine, a violation of § 20-2-70, Code of Alabama *Page 1369 
1975. The appellant, following a jury trial, was found guilty. The trial court sentenced him to six years' imprisonment and fined him $7,500.
The evidence presented by the State tended to show that on January 29, 1986, at approximately 5:00 p.m., Covington County Sheriff Don Harrell, Chief Deputy Bill Shaw, and Opp City Police Officer Mike Naro went to the Opp Motor Lodge, in response to a call from Florida authorities, to investigate a stolen automobile. A woman had been stopped by Florida law enforcement officers for DUI, and she had led them to believe that the car she was driving had been stolen from the appellant. Sheriff Harrell was told that the appellant was in Room 246. The appellant was asleep on the bed when the officers arrived. Deputy Shaw knocked on the door and showed the appellant his badge, and the appellant let the officers in the room. The three officers, upon entering the room, saw several plastic bags containing a white substance, scales, razor blades, a spoon with white powder on it, and a tea strainer. All of this paraphernalia is commonly associated with the drug trade. The appellant was then advised of his constitutional rights and was taken to the Opp Police Department. A search of the room resulted in discovery of a plastic bag containing 4.16 grams of a white powdery substance believed to be cocaine.
Deputy Shaw testified that the appellant stated that the white substance was not cocaine but uncut cokeyane which he had bought in Ft. Walton Beach, Florida. Subsequent testing by Joseph Saloom, a chemist and the director of the Alabama Department of Forensic Services in Enterprise, Alabama, established that the white substance was cocaine.
The appellant, a 23-year-old Cuban from Miami, Florida, who had come to the United States when he was 17, testified in his own behalf. Since it appeared that the appellant could speak very little English, the trial court allowed him to testify through an interpreter. He testified that he met Ms. Twana Helms in Ft. Walton Beach, Florida, and had wanted to travel to see some mountains. He agreed to stop in Opp to drop off Ms. Helm's boyfriend and she registered for the room. Appellant testified that he played cards and drank with Ms. Helms and her boyfriend in the motel room for a while before going to bed. He maintains that he was asleep when Ms. Helms left with his car and that he did not wake up until the police arrived. Appellant further stated that he had never seen the cocaine before and that it did not belong to him.
The jury, after deliberating 45 minutes, returned a verdict of guilty.
The appellant raises five issues on appeal.
 I
The appellant contends that the trial court erred in denying his request for a psychiatric evaluation. On the day of the trial, the appellant's counsel filed a motion for a continuance so that the appellant could undergo psychiatric evaluation. The motion stated that the appellant had undergone periods of mental illness and was presently under care for that condition. Additionally, the motion stated that the appellant was not able to assist his counsel at trial or fully comprehend the proceedings. No evidence was presented in support of the motion at a pretrial hearing on this matter. The trial court denied the motion, stating that the defense had already gotten two previous continuances.
This issue was recently addressed in Blevins v. State,516 So.2d 914, 915 (Ala.Cr.App. 1987), in which we held:
 "A defendant does not have a right to a mental examination whenever he requests one. Robinson v. State, 428 So.2d 167 (Ala.Cr.App. 1982), cert. denied, 428 So.2d 167 (Ala. 1983). Absent such a right, the trial court is the proper screening agent as to requests for mental examination. Dutton v. State, 434 So.2d 853 (Ala.Cr.App. 1983), and cases cited therein. The standard of review in this matter is whether the trial court abused its discretion by not requiring further evaluation of appellant's sanity. Stephenson v. State, 469 So.2d 1355 (Ala.Cr.App.), *Page 1370 
cert. denied, 469 So.2d 1355 (Ala. 1985); Beauregard v. State, 372 So.2d 37 (Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979)."
We find no clear abuse of the discretion of the trial judge. A review of the record reveals no facts which would create a reasonable and bona fide doubt as to the appellant's mental competency to stand trial. The appellant presented no evidence or testimony concerning his alleged mental incompetency. Therefore, there was not a sufficient showing by the appellant to warrant a reversal.
 II
The appellant next contends that the trial court erred in denying his motion to set aside the verdict on the basis that the translator had not translated all of the trial to the appellant. However, as admitted in the appellant's brief, this issue did not come to the defense counsel's attention untilafter the trial, when counsel filed a motion to set aside the verdict on that basis. The interpreter, at the time the motion was considered, testified that she did not translate to the appellant the testimony presented by the State, and the appellant argues that he heard only "half the trial."
The appellant cites Turner v. State, 429 So.2d 645
(Ala.Cr.App. 1982), and Terry v. State, 21 Ala. App. 100,105 So. 386 (1925), to support his contention. Both cases dealt with a deaf-mute defendant who did not have an interpreter appointed. Turner, supra, states in pertinent part:
 " 'The constitution requires that a defendant sufficiently understand the charge against him to be able to assist in his own defense. Ensuring that the defendant has that minimum understanding is primarily the task of the trial judge.' Ferrell v. Estelle, 568 F.2d 1128, 1132 (5th Cir. 1978). Terry v. State, 21 Ala. App. 100, 105 So. 386 (1925), specifically recognized that Ala. Const. art. I, Section 6, requires the trial court to provide the necessary means to communicate to a deaf-mute accused the nature of the charge against him and the testimony of the witnesses at trial." Id. at 646.
Section 12-21-131, Code of Alabama 1975, authorizes the trial judge to furnish an interpreter to a party or witness, and Section 12-21-133 places a duty on the handicapped person or his attorney to request an interpreter.
All the law contemplates is that the accused know and understand the nature of the accusation he is called to answer.Terry, supra, 21 Ala. App. at 101, 105 So. 386. In the case at bar, the trial court allowed an interpreter to aid the appellant at trial and, in doing so, such provided the necessary means for the appellant to understand the nature of the accusation against him. The appellant, unlike the defendants in Terry and Turner, was not deaf and he did have some understanding of the English language. The record reflects that the appellant had lived in the United States for several years, completed high school, and attended Miami-Dade Community College, where he took English courses.
The record reflects that the trial court did everything within its province to assist the appellant, and we cannot find that his constitutional rights were violated.
 III
The appellant next contends that the trial court erred in denying his motion for a mistrial due to improper argument by the prosecution during its closing argument.
The following occurred during the closing argument to the jury:
 "MR. COOK: Now why would the spoon have cocaine on it unless they were dipping it out and putting it in some little bags to sell to some other people.
 "MR. PRESTWOOD: We object to that. He is not charged with selling to anybody.
"THE COURT: I sustain as to that.
"MR. PRESTWOOD: And we move for a mistrial.
"THE COURT: I will overrule. *Page 1371 
 "(after which Mr. Cook continued with his closing remarks to the jury during which the following occurred:)
 "MR. COOK: I'll tell you what they were doing right now. They were taking this spoon and this set of scales and they were weighing out this poison and putting it [sic] little bags and fixing it so they could sell it to my children and yours; is what they were doing.
 "MR. PRESTWOOD: Now just a minute. Now we again move for a mistrial; although he was admonished to some extent by the court's ruling, he is now arguing about sales and the indictment doesn't contain anything in it about a sale.
 "THE COURT: Ladies and gentlemen, anything about a sale would be excluded from your consideration. Starting on the top row with Mr. Johnson, could all of you put that comment about selling out of your mind and make up a verdict based on the instructions of the Court?
 "(whereupon the court polled each individual juror and each juror indicated in the affirmative)
 "THE COURT: The motion will be overruled and I would admonish you do not get into that any more."
A declaration of a mistrial indicates a miscarriage of justice and is granted only where it is clearly manifest that justice cannot be insured. Chesson v. State, 435 So.2d 177, 181
(Ala.Cr.App. 1983); Long v. State, 370 So.2d 354 (Ala.Cr.App. 1979).
Where the trial court immediately instructs the jury not to consider a fact, that instruction, in effect, removes or excludes that matter from the jury's consideration, and the prejudicial effect of the statement is deemed to be cured by such instruction. Bradley v. State, 450 So.2d 173, 176
(Ala.Cr.App. 1983); Richardson v. State, 374 So.2d 433
(Ala.Cr.App. 1979). The trial judge's immediate charge to the jury to disregard an impropriety raises a prima facie presumption against error. Kelley v. State, 405 So.2d 728
(Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981).
"The entry of a mistrial is not lightly to be undertaken. It should be only a last resort, as in cases of otherwise ineradicable prejudice. Where error is eradicable a mistrial is too drastic and is properly denied." Woods v. State,460 So.2d 291, 296 (Ala.Cr.App. 1984); Chillous v. State, 405 So.2d 58
(Ala.Cr.App. 1981).
"When prejudicial remarks have been made, the trial judge is in a better position than the appellate court to determine whether the remarks were so prejudicial as to be ineradicable."Chambers v. State, 382 So.2d 632, 635 (Ala.Cr.App.), cert. denied, 382 So.2d 636 (Ala. 1980).
In the case at bar, the trial court sustained the appellant's objections; cautioned the prosecution to refrain from any further remarks; instructed the jury to disregard the remarks; and then polled all jurors to insure that they were not influenced by the prosecution's remarks.
The record indicates no of abuse of the trial court's discretion in overruling the request for a mistrial.
Furthermore, we hold that the prosecutor committed no error in his closing statement, as we view such statements as an appeal for law enforcement. Whitlow v. State, 509 So.2d 252,257 (Ala.Cr.App. 1987).
 IV
The appellant next contends that the trial court erred in bringing him to trial without first arraigning him. The record does not reflect whether the appellant was ever arraigned. A.R.Crim.P.Temp. 19 provides that, "no defendant shall be tried for the commission of any indictable offense until he has been arraigned in open court."
However, matters not objected to at trial are not preserved for review by this court. In Robinson v. State, 441 So.2d 1045,1048 (Ala.Cr.App. 1983), we held in pertinent part:
 "A party seeking reversal on appeal must not only argue valid grounds of reversible error committed below, but he must also have preserved error for review by proper procedural mechanisms. Ex parte O'Leary, 417 So.2d 232 (Ala. 1982). Review on appeal is limited to matters on which rulings are invoked at the trial level. In the absence of a ruling, *Page 1372 
a request for a ruling, or an objection to the court's failure to rule, this court has nothing to review. Whorton v. State, 422 So.2d 812
(Ala.Cr.App. 1982)."
"Even arraignment and plea can be waived by a defendant's failure to object to the lack thereof until after the jury has returned a verdict." Smith v. State, 507 So.2d 579, 580
(Ala.Cr.App. 1987); see also Marsden v. State, 475 So.2d 588
(Ala. 1984); and Watts v. State, 460 So.2d 204 (Ala. 1983).
In the case at bar, the record reveals that the appellant did not object to the failure of the court to arraign him; he pronounced himself ready for trial and continued throughout the trial without objection. Therefore, nothing is presented to this court for review.
 V
The appellant's final contention is that the evidence was insufficient to convict him of possession of cocaine.
In order to sustain a conviction for possession of controlled substances, there must be sufficient evidence of either actual or constructive possession. § 20-2-70, Code of Alabama 1975.Radke v. State, 52 Ala. App. 397, 398, 293 So.2d 312 (1973),aff'd, 292 Ala. 290, 293 So.2d 314 (1974).
 "In order to prove possession the State must prove that the defendant had actual or potential physical control, the intention to exercise dominion and knowledge of the presence of the drugs. White v. State, 479 So.2d 1368 (Ala.Cr.App. 1985). The State must also show external manifestations of intent and control. White, supra.
 "The test used to determine the sufficiency of the evidence is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978). Where there is legal evidence from which the fact-finder may, by fair reference, find the accused guilty, this court will not overturn the verdict. Hughes v. State, 412 So.2d 296 (Ala.Cr.App. 1983)."
Eady v. State, 495 So.2d 1161, 1164 (Ala.Cr.App. 1986).
An accused's knowledge of the presence of controlled substances may be proved by his declaration or admission, by contradictory statements, or by explanation made by him.Shaneyfelt v. State, 494 So.2d 804, 806 (Ala.Cr.App. 1986).
While mere proximity to contraband is not enough to establish constructive possession, "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges." United States v. Whitmire,595 F.2d 1303, 1316 (5th Cir. 1979), cert. denied,448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980).
The evidence presented by the State was sufficient to support the verdict. The record reflects that three law enforcement officers went to the motel room in which the appellant was staying in order to investigate a report on a stolen car. When the officers arrived, no one was in the room except the appellant. After the appellant let them in, the officers observed in plain view the contraband and drug paraphernalia on the bed, floor, and nightstand of the room. The appellant stated that he bought the contraband in Ft. Walton Beach, Florida. It is not significant that the motel room was registered to someone else. He admitted that he had traveled with the person who signed for the room, he slept there overnight, and he was the only person there when the authorities arrived. While it is true that physical proximity to the contraband alone is not sufficient of itself to show knowledge or possession, the circumstances all taken together were more than sufficient to sustain a conviction. SeeRobinette v. State, [Ms. 87-48, April 15, 1988] (Ala. 1988).
For the reasons given above, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1