The appellant was convicted of murder, in violation of §13A-6-2, Code of Alabama 1975. He was sentenced, pursuant to the Habitual Felony Offender Act, to life imprisonment without parole.
 I
The appellant argues that the trial court erred in refusing to appoint a psychiatrist to assist the appellant at trial; in failing to allow into evidence the appellant's psychiatric records from Greil Hospital and Taylor Hardin Secure Medical Facility; and in failing to grant the appellant's motion requesting funds to depose psychiatrists who had examined the appellant, which the trial court treated as for a continuance.
The record indicates that prior to trial the appellant filed a motion requesting an investigation of his sanity at the time of the offense and at the time of trial. The trial court granted the request, ordering that the appellant be sent to Taylor Hardin Secure Medical Facility, until he was determined to be competent to stand trial. The trial court also requested that the appellant's mental competency at the time of the offense be evaluated. A forensic evaluation report from Taylor Hardin Secure Medical Facility indicates that the appellant was determined competent to stand trial and was therefore returned for the disposition of his case. Thereafter, defense counsel filed a motion for psychiatric assistance, requesting funds to retain psychiatric and psychological experts of the appellant's choosing to aid in his defense and to determine whether the appellant was competent at the time of the offense and at the time of trial. Based on the report from Taylor Hardin, the trial court determined that the appellant was competent to stand trial. The report from Taylor Hardin indicated that the appellant was able to appreciate the wrongfulness of his behavior at the time of the offense. The report also indicated that the appellant was probably intoxicated at the time of the offense.
Prior to trial, a hearing was held on another motion by the defense requesting psychiatric assistance for trial. During the hearing, defense counsel noted that the appellant had been committed to and released from Greil Hospital prior to the offense. Defense counsel argued that, because there were apparently discrepancies between a report prepared by the psychiatrist who had treated the appellant at Greil and the Taylor Hardin report, a psychiatrist was needed to assist in examining these reports. During the hearing, the trial court indicated that it had examined the reports from both of these facilities. The trial court stated that the Greil report did not express any opinion as to the appellant's sanity at the time of the offense. The appellant's motion for psychiatric assistance was denied at trial. Defense counsel then requested that the appellant's records from Greil Hospital and Taylor Hardin Secure Medical Facility be admitted into evidence. The prosecutor responded that the report from Greil was an edited copy showing certain deletions. The prosecutor stated that he would not object to the admission of the entire report from Greil Hospital; however, he objected to the admission of this edited copy. The trial court ruled that unless the appellant and the State could agree, he would not admit any of the reports into evidence. Therefore, because the State insisted on the complete Greil report being admitted into evidence and defense counsel refused to allowed the complete report to be admitted into evidence, none of the appellant's medical reports were admitted into evidence. Defense counsel then made a motion asking for funds to depose witnesses, specifically the psychiatrists who had examined the appellant. The trial court treated the appellant's motion as a motion for continuance and denied the motion, stating that the case had been set for trial for some time, that defense counsel had had ample time to prepare for trial, and that the case had been previously tried and that trial had ended in a mistrial. *Page 62 
The trial court's decision to refuse the appellant's request for funds to retain a psychiatrist to assist him at trial was proper. At the request of the appellant, he had been evaluated by the staff at Taylor Hardin Secure Medical Facility and determined to be competent to stand trial and to have been able to appreciate the criminality of his behavior at the time of the offense.
 "A defendant does not have a right to a mental examination whenever he requests one. Robinson v. State, 428 So.2d 167 (Ala.Cr.App. 1982), cert. denied, 428 So.2d 167 (Ala. 1983). Absent such a right, the trial court is the proper screening agent as to requests for mental examination. Dutton v. State, 434 So.2d 853 (Ala.Cr.App. 1983), and cases cited therein. The standard of review in this matter is whether the trial court abused its discretion by not requiring further evaluation of appellant's sanity. Stephenson v. State, 469 So.2d 1355 (Ala.Cr.App.), cert. denied, 469 So.2d 1355
(Ala. 1985); Beauregard v. State, 372 So.2d 37
(Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979)."
Blevins v. State, 516 So.2d 914, 915 (Ala.Cr.App. 1987).
Based on the records of the proceedings, the trial court properly examined and thoroughly screened the evidence pertaining to the appellant's request. We find no abuse of discretion in permitting no further evaluation of the appellant's sanity.
Although the appellant claims that the trial court erred in refusing to allow him to admit the Greil report and the Taylor Hardin report into evidence, defense counsel himself chose not to seek the admission of these reports, when he was informed that the full and complete reports would have to be admitted. "When one party puts into evidence part of a conversation, document, or transaction, the opposing party is entitled to introduce the whole of it. Logan v. State, 291 Ala. 497,282 So.2d 898 (1973); Flournoy v. State, 34 Ala. App. 23,37 So.2d 218 (1948); cert. denied, 251 Ala. 285, 37 So.2d 223 (1948);Bridges v. State, 26 Ala. App. 1, 152 So. 51 (1933); cert.denied, 228 Ala. 72, 152 So. 54 (1934), cert. denied,292 U.S. 633, 54 S.Ct. 718, 78 L.Ed. 1487 (1934)." Pyles v. State,448 So.2d 416, 420 (Ala.Cr.App. 1983).
 "[A]n opponent may effect the admission of the parts [of a unit of evidence] the proponent wishes to overlook, in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary. Numerous Alabama cases have held or said that an opponent may effect the admission of, or inquire into, other relevant parts of a communication, document, transcript, conversation, confession, transaction or subject, when a proponent has caused some other part to be admitted. This remains true even if the other parts would, if offered alone, have been subject to some evidentiary objection other than irrelevancy. The practice described in this paragraph has been called 'the rule of completeness' or the principle of 'entirety of parts.' "
Schroeder, Hoffman, Thigpen, Alabama Evidence (1987), § 1-6(a). See also McCormick, McCormick on Evidence § 56 (3d ed. 1984). Therefore the initial trial court did not abuse its discretion in ruling that if it permitted the appellant to introduce the edited reports the State could introduce the complete reports. Because the appellant then chose not to introduce the reports, he cannot on appeal complain that the reports should have been introduced. Garrett v. State, 580 So.2d 58 (Ala.Cr.App. 1991);Lanza v. State, 579 So.2d 8 (Ala.Cr.App. 1990).
As to the appellant's motion requesting funds to take depositions of the psychiatrists who examined him, the trial court clearly treated the motion as a motion for a continuance. The appellant failed to advise the trial court if it was misconstruing the purpose of the motion. Cf. Fisher v. State,587 So.2d 1027 (Ala.Cr.App. 1991), cert. denied, 587 So.2d 1039
(Ala. 1991). See also Ex parte Weaver, 530 So.2d 258 (Ala. 1988). Based on the reasons enunciated by the trial court for denying this motion, we find no abuse of discretion *Page 63 
in the trial court's ruling. Ex parte Saranthus, 501 So.2d 1256
(Ala. 1986).
 II
The appellant argues that his motion to suppress the statement he made to police should have been granted, because, he argues, he lacked the mental capacity to have knowingly and intelligently waived his rights, pursuant to Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The record indicates that, prior to the admission of the appellant's statement, a hearing was held pursuant to the appellant's motion to suppress. During this hearing, the officer who took the appellant's statement testified that the appellant stated that he understood his rights and that he would be willing to make a statement without an attorney present. The officer testified that no one in his presence offered the appellant any reward or promises in order to obtain his statement, nor did anyone threaten the appellant. The appellant presented the testimony of his mother who stated that the appellant had encephalitis when he was 14 and was hospitalized as a result. She further testified that, following this illness, the appellant had always appeared to be "slow." She further testified on cross-examination that the appellant might have used drugs. Thereafter, the trial court denied the appellant's motion to suppress the statement, and the statement was admitted into evidence.
 "The fact that a defendant may suffer from a mental impairment or low intelligence will not, without other evidence, render a confession involuntary. See Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986); Singleton v. Thigpen, 847 F.2d 668 (11th Cir. 1988); Whittle v. State, 518 So.2d 793 (Ala.Cr.App. 1987); Holladay v. State, 549 So.2d 122
(Ala.Cr.App. 1988), aff'd, 549 So.2d 135 (Ala. 1989). The United States Supreme Court, in Connelly, 479 U.S. at 164, 107 S.Ct. at 520, 93 L.Ed.2d at 482, stated: 'Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law.' "
Baker v. State, 557 So.2d 851, 853 (Ala.Cr.App. 1990).
Moreover, the evidence presented by the appellant concerning his alleged mental impairment constituted but one factor to be considered in the "knowingness" of the appellant's waiver of his Miranda rights and did not alone require the suppression of his statement.
 "Moreover, a defendant's mental impairment, even if it exists, is merely one factor affecting the validity of his waiver of rights and the voluntariness of his confession. See generally Annot., 8 A.L.R. 4th 16 (1981). 'While an accused's intelligence and literacy are important factors to be considered in determining whether he intelligently and voluntarily waived his constitutional rights and made a confession, weak intellect or illiteracy alone will not render a confession inadmissible.' Hobbs v. State, 401 So.2d 276, 282 (Ala.Cr.App. 1981)."
Whittle v. State, 518 So.2d 793, 796-97 (Ala.Cr.App. 1987). While an accused must be able to comprehend his right to remain silent and his right to an attorney before he can waive these rights, there is no indication in the record that the appellant was so mentally deficient that he could not understand those rights. See Garrett v. State, 369 So.2d 833, 836 (Ala. 1979).
 III
The appellant argues that his initial counsel on appeal was ineffective in that he failed to file any motions or briefs on appeal. In its brief on appeal, the State agrees with the appellant's argument, citing Mylar v. Alabama, 671 F.2d 1299
(11th Cir. 1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570,77 L.Ed.2d 1411 (1983). The State further argues that as the court in Mylar v. Alabama explained, a defendant's remedy in such a situation is to seek an out-of-time appeal. Mylar v.Alabama, at 1302. In the present case, the appellant sought and was granted an out-of-time appeal. Therefore, any consideration of the *Page 64 
ineffectiveness of the appellant's initial counsel on appeal is purely academic and is moot. See Taylor v. State, 285 Ala. 236,231 So.2d 109 (1970). Because this court does not ordinarily consider such matters, the effectiveness of the appellant's initial counsel will not be discussed, and the decision of the trial court to grant the appellant an out-of-time appeal was proper.
AFFIRMED.
All Judges concur.