McMILLAN, Judge.
The appellant was convicted of murder and of robbery in the first degree. Pursuant to the Alabama Habitual Felony Offender Act, the appellant was sentenced to life imprisonment without parole on both convictions.
I
The appellant argues that the trial court abused its discretion in denying his motion for a continuance to secure the presence of a necessary witness. The appellant also argues that the trial court erred in denying his motion for a continuance in order to have the attorney who had been appointed to advise him as he proceeded pro se appointed as his counsel for the trial, arguing that counsel had insufficient time to prepare.
The record indicates that the trial court did not err in denying the appellant’s request for a continuance made on the basis of the unavailability of the alleged witness. Ex parte Saranthus, 501 So.2d 1256 (Ala.1986), lists the factors that must be considered before a continuance on this basis will be granted. These factors include: the materiality and competency of the absent witness’s testimony, the probability that the testimony will be forthcoming if a continuance is granted, the likelihood that the witness is available and willing to testify, and the indication that defendant exercised due diligence in attempting to obtain the testimony.
In the present case, on the day of trial, the appellant argued that he had read newspaper articles concerning a named witness to the offense. He alleged that the witness would be able to testify that the officers could not have seen what they stated that they had seen. The trial court asked if he had the witness’s name and address, and the appellant responded that he had attempted to secure the man’s address only by using the telephone book. The trial court told the appellant that a subpoena would be issued for the individual, if the appellant could locate him. The trial court further ordered the State to attempt to locate the individual before trial on the following week. Thereafter, on that date, the prosecutor stated that there was only one individual with that name in the telephone book and that he had been contacted. The prosecutor further stated that the individual had not been a witness to the offense. The appellant also stated that he had telephoned the individual and that he had denied any knowledge of the offense. The prosecutor further stated that the police had no information concerning such a witness. When asked by the trial court if he had contacted the newspapers who had named this individual, the appellant responded that he had not. The appellant’s counsel then requested that a subpoena be issued to the named individual at a particular business; however, the trial court responded that the appellant had not shown that this individual was anyone who knew anything about the case, but stated that if the alleged witness could be located a subpoena would be issued and time allowed to interview and to investigate the witness. No further mention was made of the alleged witness.
Based on these facts, the likelihood of locating the witness, or of the witness’s testifying, is dubious, as is the proof that due diligence was exercised by the appellant in attempting to locate the witness before trial. Because whether to grant a continuance is a matter largely vested to the discretion of the *673 trial court, and because we find no clear showing of abuse of that discretion, the appellant is not entitled to relief on this ground. See Johnson v. State, 542 So.2d 341 (Ala.Cr.App.1989).
Moreover, the appellant’s claim that the trial court improperly denied his motion for continuance to allow additional time for counsel to prepare for trial is meritless, because the record indicates that the motion was merely a delaying tactic. The record indicates that, even in district court, the judge had difficulty appointing any counsel for the appellant, according to the case action summary sheet, because of the appellant’s “demeanor.”
Upon transfer to circuit court, counsel was appointed for the appellant, but he vigorously invoked his right to represent himself. Following a full colloquy, the appellant was allowed to represent himself, but the trial court appointed counsel to advise the appellant. The appellant filed a number of pretrial motions and, on the date of trial, informed the court that he was not able to represent himself effectively. He then asked for a continuance to obtain counsel. The court responded that the counsel he had appointed to advise the appellant was available and the appellant ultimately agreed to allow that attorney to act as his co-counsel. Counsel then requested a continuance in order to prepare for trial. The trial court pointed out that counsel had been acting as legal advisor, upon order of the court, and indicated that, although the request for a continuance was being denied, counsel could have additional time to become more familiar with the ease after a jury was selected. The record indicates that the trial court did recess early on the first several days of trial.
The denial of the continuance did not result in insufficient time to prepare for the case. Swann v. City of Huntsville, 471 So.2d 1268 (Ala.Cr.App.1985). Further, the trial court did not clearly abuse its discretion in denying the motion for a continuance to allow counsel additional time to prepare. Ex parte Saranthus, supra.
Moreover, although the appellant argues that the trial court’s action denied him the effective assistance of counsel, the record indicates that the appellant intelligently and voluntarily elected to proceed without counsel, which was his constitutional right. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). There was no indication in the record that defense counsel’s representation failed to meet the standards established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, the appellant makes no specific claims, nor cites any specific instances, of alleged ineffectiveness. Thus, the appellant has failed to make any meritorious claim of ineffectiveness of counsel.
II
The appellant argues that the prosecutor exercised her peremptory jury strikes in a discriminatory manner, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987). The record indicates that nine members of the original venire were black, and that the prosecutor used three of her seven peremptory strikes to remove black members. The appellant also struck three blacks from the venire. The appellant argued that the three black potential jurors struck by the prosecutor were removed for racial reasons. The trial court stated that it did not believe that race was a factor in the strikes, but it required both the prosecutor and the appellant to give reasons for their strikes of black potential jurors.
The prosecutor responded that the first black potential juror was struck because he was a self-employed “female illusionist,” a type of entertainer. The prosecutor stated that, as a female impersonator, this juror and his reasoning process would be “against the norm.” The prosecutor also pointed out that she struck a white veniremember, who, like this potential juror, also had long hair, and another white potential juror who appeared somewhat “effeminate,” as was the juror in question. The prosecutor also noted that this black potential juror was single and that white potential jurors were also struck because they were single.
The prosecution stated that the second black potential juror was struck because of *674 her confusion concerning the law and the appellant’s rights. Specifically, the prosecutor stated that this potential juror was an elderly woman, who originally gave the appearance of being a good juror. However, the prosecutor pointed to this potential juror’s confusion in saying, in response to a question whether she believed that the appellant should testify, that if he confessed to his lawyer, then he need not testify, but if he did not confess to his lawyer, he should testify.
The prosecutor stated that the third black potential juror was struck because he appeared to be “bitter,” because he had worked at a foundry for 27 years and the foundry had closed down and all of the employees had lost their jobs. Furthermore, he was divorced and had three children. She stated that, because he appeared to be angry at “the system,” she did not believe he would be a fair juror.
Each of the reasons given by the prosecutor was based partially on subjective feelings and is therefore suspect. Ex parte Bird, 594 So.2d 676 (Ala.1991). The prosecutor noted, as to the first potential black juror struck, that whites were also struck for the same reasons. Therefore there is no evidence of “disparate treatment” by the prosecutor between the black members of the venire and its white members. Sims v. State, 587 So.2d 1271, 1278 (Ala.Cr.App.1991), cert. denied, — U.S. -, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992), citing Mitchell v. State, 579 So.2d 45, 47 (Ala.Cr.App.1991), cert. denied, 596 So.2d 954 (Ala.1992).
As to the prosecutor’s peremptory challenge of the second black potential juror, the fact that the juror did not understand the law and the appellant’s rights is a racially neutral reason on its face. In response to this reason, the appellant did not deny that the potential juror made this statement, and the voir dire questioning does not appear in the record. The appellant responded by stating that the reason was not a racially neutral one.
The prosecutor’s reason for striking the third potential black, that he was “bitter,” down on life, and opposed “the system,” is not a facially racial reason, and the appellant’s response was simply that this reason was “not a legitimate reason to strike him.” The appellant further stated that the only reason for the strike was racial.
After these reasons were given by the prosecutor, the trial court determined that the defendant failed to establish purposeful discrimination. This determination by the trial court was not “clearly erroneous.” Harrell v. State, 555 So.2d 263, 267-68 (Ala.1989); Ex parte Branch, supra, at 625.
“ ‘A neutral explanation in the context of our analysis here means an explanation based on something other than the race of the juror. At this step of the inquiry, the issue is the facial validity of the prosecutor’s explanation. Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race neutral.
[[Image here]]
“ ‘Once the prosecutor offers a race-neutral basis for his exercise of peremptory challenges, “[t]he trial court then [has] the duty to determine if the defendant has established purposeful discrimination.” ...
[[Image here]]
‘“Deference to trial court’s findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in Batson, the finding will “largely turn on evaluation of credibility.” In the typical peremptory challenge inquiry, the decisive question will be whether counsel’s race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor’s state of mind based on demeanor and credibility lies “peculiarly within a trial judge’s province.” ’ ”
Sistrunk v. State, 599 So.2d 87, 89-90 (Ala.Cr.App.1992), quoting Hernandez v. New York, — U.S. -, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (citations omitted in Sis-trunk). The trial court’s finding that the prosecutor did not exercise his peremptory challenges in a racially discriminatory manner, especially in light of Hernandez v. New York, was not clearly erroneous.
*675 III
The appellant argues that the trial court erred in failing to declare a mistrial based on the prosecutor’s statement made during her closing argument concerning the appellant’s right not to testify. The record indicates that the prosecutor did make improper comments on this ground; however, in response to the appellant’s motion for a mistrial, the trial court thoroughly instructed the jury concerning the nature of prosecuto-rial comment and the appellant’s right not to testify, including the fact that no presumption of guilt should be drawn therefrom. The following transpired concerning this matter:
“[PROSECUTOR]: Mr. Granville, through cross-examination — of course, Mr. Gran-ville does not have to testify and has not in this case. So you can only infer from the questions on cross-examination and from [defense counsel’s] statement that Mr. Granville’s defense [was] that he was not at the bank. Of course, if he was not at the bank, he was guilty of being an accomplice because anybody who heard the evidence in this courtroom concerning what that driver of the ear is doing on that six and seven mile stretch—
“[DEFENSE COUNSEL]: We object to this, Judge. We move for a mistrial.
“THE COURT: Sir?
“[DEFENSE COUNSEL]: We object and move for a mistrial.
“THE COURT: On what ground?
“[DEFENSE COUNSEL]: The defendant had a right not to take the witness stand and no inference can be drawn from it whatsoever. [Prosecutor] has made certain statements that draw on his failure or, excuse me, on his choice to exercise his constitutional right, and we say it’s improper and we move for a mistrial.
“THE COURT: Well, approach the bench, please.
“(Bench conference)
“THE COURT: Ladies and gentlemen, first, although I don’t think the objection was timely, I’m going to sustain any remarks being made about — by the district attorney in regard to Mr. Granville not choosing to testify. I will say, ladies and gentlemen, generally those remarks are considered improper and you should disregard them. I remind you once again that statements made by counsel in argument is not evidence in this case or the law. But under the law the defendant has a privilege not to testify in his own behalf or not. He cannot be compelled to testify against himself, and that no presumption of guilt or inference of any kind should be drawn from his failure to testify. Is there anyone on the jury panel that could not follow my instructions I have just given you?
“(No response.)
“Okay. Let’s continue.”
There was no error in the trial court’s denial of the appellant’s motion for a mistrial.
“The granting of a mistrial is an extreme measure. It should be granted only when ‘justice cannot be insured.’ Soriano v. State, 527 So.2d 1367, 1371 (Ala.Cr.App.1988). As this court stated in Cole v. State, 548 So.2d 1093 (Ala.Cr.App.1989), ‘“a motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court.”’ 548 So.2d at 1095. ‘Where the trial court immediately instructs the jury not to consider a fact, that instruction, in effect, removes or excludes that matter from the jury’s consideration, and the prejudicial effect of the statement is deemed to be cured by such instruction.’ Soriano, 527 So.2d at 1371.”
Coffey v. State, 581 So.2d 1266, 1268-69 (Ala.Cr.App.1991).
In the present case, the prosecutor’s argument did not create ineradicable prejudice and, therefore, any prejudice was cured by the trial court’s sustaining the appellant’s objection and thoroughly instructing the jury. Colvette v. State, 568 So.2d 319 (Ala.Cr.App.1990).
AFFIRMED.
All Judges concur.
MONTIEL, J., concurs in result without opinion.