SHAW, Judge.
In a separate unpublished memorandum released today, we are affirming Jimmy Lewis Rump’s convictions for disorderly conduct, see § 13A-11-7, Ala.Code 1975, and for resisting arrest, see § 13A-10-41, Ala.Code 1975. However, because we find that Rump’s one-year sentence for each of those convictions exceeds the maximum authorized by law, we must remand this cause to the trial court for resentencing.
“Matters ■ concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence even though Rump did not raise the issue in the trial court or in his brief on appeal. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). Disorderly conduct is a Class C misdemeanor, see § 13A-ll-7(b), Ala.Code 1975, punishable by a term of imprisonment of “not more than three months,” § 13A-5-7(a)(3), Ala.Code 1975; resisting arrest is a Class B misdemeanor, see § 13A-10-41(b), Ala. Code 1975, punishable by a term of imprisonment of “not more than six months,” § 13A-5-7(a)(2), Ala.Code 1975. Because Rump was sentenced to one year’s imprisonment for the disorderly conduct conviction and to one year’s imprisonment for the resisting-arrest conviction, his sentences exceed the maximum authorized by law and are, therefore, void. See, e.g., Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Crim.App.1990) (“When the court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void.”).
Accordingly, we remand this cause to the trial court with directions for that court to resentence Rump on his convictions for disorderly conduct and for resisting arrest in accordance with § 13A-5-7, Ala.Code 1975. Due return should be filed with this Court no later than 28 days from the date of this opinion.
AFFIRMED BY MEMORANDUM AS TO CONVICTIONS *; REMANDED *669 WITH DIRECTIONS AS TO SENTENCING.**
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

 Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.

 Note from the reporter of decisions: On April 19, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.