McMILLAN, Presiding Judge.
The appellant, Ray Tompkins, was found guilty of harassment by the district court of St. Clair County. He appealed to the St. Clair Circuit Court, and after a trial de novo, a jury found him guilty. The circuit court ordered Tompkins to serve six months in the St. Clair county jail and to pay a $25 crime victims’ assessment and court costs.
The State’s evidence tended to show the following: The victim, A.F., rented a mobile home near Ashville from Tompkins on January 17, 2002. She and her fiancé began living in the mobile home in February 2002. A.F. moved out of the mobile home at the beginning of April, apparently because she and her fiancé were not getting along. Her fiancé moved out on April 17. On May 16, A.F. returned to the mobile home to get some of her belongings, and the Tompkins came by with her mail. He offered her $200 to move in with him, and she refused. He then offered to let her live in the mobile home without paying.rent or utilities, and she again refused. While A.F. was in the mobile home washing dishes, Tompkins approached and began to rub her back. She moved away and told him to stop. He stopped for a moment, but he then began rubbing her buttocks. A.F. again moved away and told him “no.” Tompkins asked if he could have “some sugar,” and she told him “no.” He then told her that he “really liked nipple sugar,” and A.F. left the mobile home. She went to her father’s home, and she and her father reported the incident to the sheriffs department. Tompkins testified in his own behalf, saying that he had approached A.F. on April 1 about her failure to pay her rent. He said he told her and her fiancé to leave the mobile home because he did not want them living there unmarried. Tompkins testified that he had been in Andalusia on the date that A.F. claimed the incident occurred. He stated that he had never touched A.F.
I.
Tompkins contends that the State failed to prove a prima facie case of harassment because no “fighting words” were uttered to A.F. He argues that the comments attributed to him were not likely to provoke a violent response or a swift physical retaliation or to invite an immediate breach of peace. He further argues that A.F. did not show any fear and that she left the mobile home without a violent reaction.
Section 13A-ll-8(a)(l), Ala.Code 1975, provides:
“A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:
“a. Strikes, shoves, kicks or otherwise touches a person or subjects him or her to physical contact.
“b. Directs abusive or obscene language or makes an obscene gesture towards another person.”
The trial court instructed the jury with regard to physical harassment, § 13A-11- *877 8(a)(1)(a). The court gave no instruction with regard to verbal harassment, § 13A-ll-8(a)(l)(b). The appellant offered the following motion at the close of the State’s case:
‘Tour Honor, at this time I would make a motion for judgment of acquittal. I don’t believe they have proved their prima facie case in showing the intent behind it was to harass, annoy, or anything of that nature. She just mentioned a touching and did not prove intent.”
Tompkins renewed his motion at the close of all the evidence, on the “[s]ame grounds.”
A defendant who states specific grounds in a motion for judgment of acquittal waives all grounds not stated. Ex parte Frith, 526 So.2d 880 (Ala.1987); R.K.D. v. State, 712 So.2d 754 (Ala.Crim.App.1997). Here, Tompkins did not include in either of his motions for a judgment of acquittal his claim that the comments attributed to him were not “fighting words.” Therefore, he waived consideration of this issue on appeal. Tompkins also failed to include in his appellate brief[1] his claim asserted at trial regarding intent. Therefore, we will not address this issue on appeal. In cases in which the death penalty has not been imposed, this court is not obligated to consider questions or issues not presented in appellate briefs. Rule 45B, Ala. R.App. P.
II.
Tompkins contends in his reply brief that the charge against him was insufficiently specific because the arrest warrant did not specify that he was being charged under § 13A-ll-8-(a)(l)(b), Ala.Code 1975. The complaint filed with the arrest warrant in district court stated, in pertinent part:
“[Ray Tompkins[2]] did, on or about 05/16/2001, with the intent to harass, annoy or alarm another person, to wit, [A.F.] (18 yrs.), either strike, kick, or otherwise touch another person, to wit: [A.F.], or subject him/her to physical contact, to wit; by trying to get victim to move in with him, rubbed her on back & butt and asked for ‘sugar’ and really liked ‘nipple sugar,’ also offered her $200.00 to stay with him. Victim had to leave.”
The fact that an indictment does not specify which statutory alternative is available does not render the indictment fatally defective. Harrison v. State, 879 So.2d 594 (Ala.Crim.App.2003). An indictments that tracks the language of the statute is sufficient if the statute prescribes with definiteness the essential elements of the offense. Woodall v. State, 730 So.2d 627 (Ala.Crim.App.1997). Here, the complaint tracked the language of the physical-harassment portion of the statute, and the harassment statute clearly set out the elements of the offense. Therefore, Tompkins had specific notice of the charge he was expected to defend.
Furthermore, Rule 13.5(c), Ala. R.Crim. P., provides for a harmless-error review of a claim that the charging instrument is defective. Tompkins could have *878 presented his claim in a timely motion to dismiss under Rule 15, Ala. R.Crim. P. His failure to do so preserved nothing for review. This court will not consider an argument that is raised for the first time on appeal. Eastland v. State, 677 So.2d 1275 (Ala.Crim.App.1996).
III.
The trial court imposed a six-month sentence for Tompkins’s conviction of harassment. Because harassment is a Class C misdemeanor, § 13A-ll-8(a)(l) and (2), Ala.Code 1975, this sentence exceeded the statutory maximum of three months’ incarceration prescribed in § 13A-5-7-3. “ ‘When the court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void.’ ” Rump v. State, 832 So.2d 667-668 (Ala.Crim.App.2001)(quoting Ferguson v. State, 565 So.2d 1172-1173 (Ala.Crim.App.1990)).
Therefore, we must remand this case for the trial court to vacate Tompkins’s sentence and re-sentence him within the statutory limits. A return should be filed with this court within 28 days after the release of this opinion. The return should include a full transcript of the sentencing proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS. 
COBB, SHAW, and WISE, JJ., concur. BASCHAB, J., concurs in the result, without opinion.

. Tompkins stated in his reply brief: "We cannot procure an opinion on [Tompkins’s] intent when the State’s case does not prove that the alleged victim was annoyed by words and/or actions of Tompkins to become suddenly angry.” However, it is clear from the context that this statement refers only to Tompkins's claim that the State failed to prove that he uttered "fighting words.”

. The arrest warrant and the complaint state that the defendant is "Ray Thompson,” rather than "Ray Tompkins.” Tompkins does not challenge the apparent misspelling.