WINDOM, Presiding Judge.
Kevin James Davis was indicted for manslaughter, see § 13A — 6—3(a)(1), Ala. Code 1975. The circuit court dismissed the indictment on the ground that the indictment failed to provide Davis with sufficient notice of the charge against him. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s judgment dismissing Davis’s indictment.
On March 23, 2010, Davis was the driver of a vehicle involved in a single-vehicle collision that resulted in the death of his passenger, Randall McKenzie. On September 20, 2012, Davis was indicted for manslaughter, § 13A-6-3(a)(l), Ala.Code 1975. The indictment against Davis stated: “The Grand Jury of BALDWIN County charges that ... Kevin Davis ... did[ ] recklessly cause the death of another person, to-wit: Randall McKenzie, in violation of § 13A-6-3(a)(l) of the Code of Alabama.” (C. 14.) On September 3, 2014, Davis filed a motion to dismiss the indictment, arguing that the indictment was defective because it failed to state the particulars of the offense. That same day, the State filed a response to Davis’s motion, arguing that the indictment was sufficient. On September 8, 2014, the State filed a notice of a more definite statement in which it provided details of the offense charged. The following day, the circuit court struck -the State’s notice of a more definite statement and dismissed the indictment against Davis. The circuit court reasoned that the indictment was due to be dismissed because it failed to allege the means by which Davis caused McKenzie’s death, i.e., what reckless act of Davis’s had resulted in McKenzie’s death. The State filed a timely notice of appeal.
On appeal, the State argues that the circuit court erroneously dismissed the indictment. Specifically, the State contends that the indictment was sufficient to provide Davis with notice of the charge against him because it “tracked the statutory language, which[] is not unconstitutionally vague.” (R. 6.)
“Appellate courts review the legal sufficiency of indictments de novo.” Hunt v. State, 642 So.2d 999, 1022 (Ala.Crim.App.1993) (citing United States v. Schmidt, 947 F.2d 362, 369 (9th Cir.1991)). Further, “[a]n indictment ‘“must clearly inform the accused of the offense with which he is being charged and must do so in language that is readily understood by the ordinary person,” ’ ” Vaughn v. State, 880 So.2d 1178, 1192 (Ala.Crim.App.2003) (quoting. Dobyne v. State, 805 So.2d 733, 750 (Ala.Crim.App.2000), quoting in turn Thatch v. State, 432 So.2d 8, 10 (Ala.Crim.App.1983)). To that end, § 15-18-25, Ala. Code 1975, provides:
“An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. In no case are the words ‘force of arms’ or ‘contrary to the form of the statute’ necessary.”
Similarly, Rule 13.2(a), Ala. R.Crim. P., mandates:
“The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon *1069 conviction, to pronounce the proper judgment.”
However, ‘“[ujnder our system of pleading, indictments are rather a statement of legal conclusions, than of facts.’ ” Ex parte Behel, 397 So.2d 163, 165 (Ala.1981) (quoting Hochman v. State, 265 Ala. 1, 91 So.2d 500 (1956)). Thus, “[a]n indictment is sufficient if it charges an offense in the language of a statute, and it need not set up proof necessary to a conviction.” Ex parte Behel, 397 So.2d at 165 (citing Finley v. State, 28 Ala.App. 151, 181 So. 123 (1938)). Accordingly, “[a]n indictment that tracks the language of the statute is sufficient [to inform the accused of the offense with which he is being charged] if the statute prescribes with definiteness the essential elements of the offense.” Tompkins v. State, 898 So.2d 875, 877 (Ala.Crim.App.2004) (citation omitted). The “‘“particulars as to manner, means, place or circumstances [of the offense] need not in general be added to the statutory definition.””’ Smith v. State, 797 So.2d 503, 514 (Ala.Crim.App.2000) (quoting People v. Soto, 74 Cal.App.3d 267, 272-73, 141 Cal.Rptr. 343, 346 (1977), quoting in turn People v. Britton, 6 Cal.2d 1, 5, 56 P.2d 494, 496 (1936)).[1]
Section 13A-6-3(a)(l), Ala.Code 1975, provides: “A person commits the crime of manslaughter if ... [h]e recklessly causes the death of another person.” Section 13A-6-3(a)(l), Ala.Code 1975, “prescribes with definiteness the essential elements of [reckless manslaughter],” Tompkins, 898 So.2d at 877, which are that the victim is dead and that the defendant recklessly caused the victim’s death. Id. The indictment charging Davis tracked the manslaughter statute and alleged that, “Kevin Davis ... did, recklessly cause the death of another person, to-wit: Randall McKenzie, in violation of § 13A-6-3(a)(l) of the Code of Alabama.” (C. 14.)
Because the indictment against Davis tracked the language of the statute defining the offense of manslaughter, which “prescribes with definiteness the essential elements of [reckless manslaughter],” Tompkins, 898 So.2d at 877, it was sufficient to inform him of the offense with which he was charged without alleging the “particulars as to manner, means, place or circumstances [of the offense].... ” Smith, 797 So.2d at 514 (citations and quotation marks omitted). Accordingly, the circuit court erred by granting Davis’s motion to dismiss the indictment on the ground that it failed to provide sufficient notice of the charge against him. Consequently, the judgment of the circuit court dismissing the indictment against Davis is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. To comply with due process, the Alabama Supreme Court provides a procedure by which a defendant may seek a more definite statement to learn the means by which he is accused of committing the charge offense. See Rule 13.2(e), Ala. R.Crim. P.; Ex parte Harper, 594 So.2d 1181, 1183 n. 2 (Ala.1991).