MOORE; Chief Justice
(dissenting).
“A defendant is constitutionally entitled to be informed of the nature and the cause of the accusation against him. U.S. Const, amend. VI; Ala. Const, art. I, § 6.” Ex parte Washington, 448 So.2d 404, 407 (Ala.1984). In this case, I believe that Kevin James Davis was deprived of his constitutional rights because his indictment “apprised [him] of the charge against him but he could not know the contentions of the state as to how he committed [the charged offense of manslaughter].” Nelson v. State, 50 Ala.App. 285, 288, 278 So.2d 734, 737 (Crim.App.1973). I therefore respectfully dissent from this Court’s decision to deny Davis’s petition for a writ of certiora-ri.
In its decision below, the Court of Criminal Appeals provided the following facts:
“On September 20, 2012, Davis was indicted for manslaughter, § 13A-6-3(a)(1), Ala.Code 1975. The indictment against Davis stated: ‘The Grand Jury of Baldwin County charges that ... Kevin Davis ... did[ ] recklessly cause the death of another person, to-wit: Randall McKenzie, in violation of § 13A-6-3(a)(l), of the Code of Alabama.’ On September 3, 2014, Davis filed a motion to dismiss the indictment, arguing that the indictment was defective because it failed to state the particulars of the offense. That same day, the State filed a response to Davis’s motion, arguing that the indictment was sufficient. On September 8, 2014, the State filed a notice of a more definite statement in which it provided details of the offense charged. The following day, the circuit" court struck the State’s notice of a more definite statement and dismissed the indictment against Davis. The circuit court reasoned that the indictment was due to be dismissed because it failed to allege the means by which Davis caused McKenzie’s death. The State filed a timely notice of appeal.”
State v. Davis, 195 So.3d 1067, 1068 (Ala.Crim.App.2015). The Court of Criminal Appeals reversed the judgment of the trial court and remanded the cause for further proceedings. The court reasoned that -Davis’s indictment was sufficient because “it tracked the language of the statute defining the offense of manslaughter, which ‘prescribes with definiteness the essential elements of [reckless manslaughter].’” 195 So.3d at 1069 (quoting Tompkins v. State, 898 So.2d 875, 877 (Ala.Crim.App.2004)). Davis petitioned this Court for a writ of certiorari, claiming that the Court of Criminal Appeals’ decision conflicted with prior decisions of Alabama appellate courts.
Davis claims that the Court of Criminal Appeals’ decision conflicts with Nelson v. State, Supra. In Nelson, the defendant was charged with first-degree murder. The indictment read as follows: “‘The Grand Jury of said County charge that, before the finding of this indictment, DAVID LARRY NELSON- unlawfully, and with malice aforethought, killed Oliver King against the peace and dignity of the State of Alabama.’ ” Nelson, 50 Ala.App. at 286, 278 So.2d at 735 (emphasis added in *1071 Nelson). The Court of Criminal Appeals found that this indictment was not sufficient to support Nelson’s conviction, and it reversed the trial court’s judgment.
The Nelson Court provided the following rationale for its decision:
“ ‘Indictments must always conform to the mandates of our organic law. The emphasis in our- cases “that in all criminal prosecutions, the accused has the right ... to- demand the nature and cause of the accusation”! — ]now § 6 of the Constitution of 1901 — is not meaningless tautology, but one of the cornerstones of our Bill of Rights.
“ ‘We are further restrained in this case by the requirements of the Fourteenth Amendment to the Constitution of the United States. The following utterances by our Federal courts are pertinent: “No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.” Cole v. State of Arkansas, 333 U.S. 196, 201, 68 S.Ct. 614, 517, 92 L.Ed. 644 [ (1948) ]. “The petitioner charged that he had been denied any real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process_’’Smith v. O’Grady, Warden, 312 U.S. 329, 334, 61 S.Ct. 672, 674, 85 L.Ed. 859 [ (1941) ]. “An intelligent and full understanding by the accused of the charge against him is a first requirement of due process.” Bergen v. United States, 8 Cir., 145 F.2d 181, 187 [(1944)].
“‘Regardless of some ill-considered, loose expressions in some of the cases, the law is and always has been that it is not enough to charge against a defendant a mere legal conclusion as justly, inferential from facts not set out in the¡indictment. United States v. Almeida, 24 Fed. Cas. pages 775, 776, No. 14,433.
“•‘In order to properly inform the accused of the “nature and cause of the accusation”, within the meaning of the constitution and of the rules of- 'the common law, a little thought will make it plain, not ' only to the legal, but to all other educated, minds, that not only must all the elements of the offense be stated in the indictment, but that also they must be stated with clearness and certainty, and with a sufficient degree of particularity to identify the transaction to which the indictment relates as to place, persons, things, and other details. The accused must receive sufficient information to enable him to reasonably understand, not only the nature of the offense, but the particular act or acts touching lohich he must be prepared with his proof; and when his liberty, and perhaps Ms life, are at stake, he is not to be left so scantily informed as to cause him to rest his defense upon the hypothesis that he is charged with a certain act or. series of acts, tvith the hazard of being surprised by proofs on. the part of the prosecution of an entirely different act or series of acts, at least so far as such surprise can be avoided by reasonable particularity and fullness of description of the alleged offense.’ (Italics supplied.) United States v. Potter, 1 Cir., 56 F, 83, 89.
“ ‘
“ ..- As example, if the - indictment had charged, that the defendant “did commit murder,” he would be in *1072 formed of the crime charged against him, but no student of the law with the slightest conception of constitutional liberty would suggest that he could be put to trial on such an indictment against his will.... ’
“The indictment in this case charges that appellant ‘did commit murder’, nothing more, nothing less. To this extent appellant is apprised of the charge against him but he could not know the contentions of the state as to how he committed murder.”
Nelson, 50 Ala.App. at 287-88, 278 So.2d at 736-37 (quoting Gayden v. State, 262 Ala. 468, 469-71, 80 So.2d 501, 502-04 (1955)) (first and second emphases added).
Thus, the Court of Criminal Appeals held that Nelson’s indictment was insufficient because it failed to aver any facts describing how he committed the crime. Nelson’s indictment stated: “‘DAVID LARRY NELSON unlawfully, and with malice aforethought, killed Oliver King against the peace and dignity of the State of Alabama.’ ” 50 Ala.App. at 286, 278 So.2d at 735. Davis’s indictment states: “Kevin Davis ... did[ ] recklessly cause the death of another person, to-wit: Randall McKenzie, in violation of § 13A-6-3(a)(l) of the Code of Alabama.” Because I believe that Nelson and the Court of Criminal Appeals’ decision in the present case are analogous, I believe that Davis has presented a probability of merit that the Court of Criminal Appeals’ decision conflicts with Nelson.
Furthermore, the Court of Criminal Appeals relied on Tompkins v. State, 898 So.2d 875, 877 (Ala.Crim.App.2004), for the proposition that “ ‘[a]n indictment that tracks the language of the statute is sufficient [to inform the accused of the offense with which he is being charged] if the statute prescribes with definiteness the essential elements of the offense.’ ” 195 So.3d at 1069 (alterations in original) (quoting Tompkins, 898 So.2d at 877). However, the Court of Criminal Appeals failed to recognize that this is only a general rule. As the Gayden Court explained:
“By no means do we intend to detract from the general rule that it is sufficient to charge the elements of a statutory offense in the words of the statute. In passing, however, it is well to note that the real contention before us is not that the indictment does not charge an offense, but that the defendant is not apprised of the thing or things that he is alleged to have done in such a way as that they amounted to a crime. Stated another way, it may be conceded that the defendant is sufficiently informed of the crimes with which he is charged, but it by no means follows that he has been sufficiently informed of the acts which allegedly constituted those crimes. As example, if the indictment had charged that the defendant ‘did commit murder,’ he would be informed of the crime charged against him, but no student of the law with the slightest conception of constitutional liberty would suggest that he could be put to trial on such an indictment against his will. See 1 Wharton, Criminal Proceedings, § 270 (10th Ed., 1918), and authorities supra. So, a parallel to the general rule that a crime may be charged in the language of the statute is another contemporai'y and equally important principle that it is not sufficient if to do so would deprive the defendant of a constitutional right.”
Gayden, 262 Ala. at 471, 80 So.2d at 504 (emphasis added). See also Hamling v. United States, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (“ ‘Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with *1073 such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.’ ”) (quoting United States v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516 (1888)); United States v. Cruikshank, 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1875) (“[F]acts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.”); cf. Alabama Pattern Jury Instructions (Criminal) § 6-11 (“To convict, the State must prove beyond a reasonable doubt each of the following elements of manslaughter: (1) That (name of the deceased) is dead; and (2) That the defendant (name of the defendant) recklessly caused the death of (name of the deceased) by (state the alleged act, e.g., shooting) him.” (emphasis omitted)).
Davis correctly observes that, before this Court granted certiorari and affirmed the judgment in Gayden, the Court of Appeals had held: “There is a legion of authorities which declare that an indictment is not sufficient if it simply follows the language of the statute.” Gayden v. State, 38 Ala.App. 39, 43, 80 So.2d 495, 499 (1954). The court then cited 11 cases to prove its point. 38 Ala.App. at 43-44, 80 So.2d at 499-500. Affirming the Court of Appeals’ decision, this Court stated:
“The opinion of the Court of Appeals impresses us as such an apodictical application of the fundamental principle of all free governments that the law secures to every person who is brought to trial on a charge of crime that the acts which constitute his alleged guilt shall be set forth with reasonable certainty in the indictment he is called upon to plead to, that ... further elaboration would seem a redundancy.”
Gayden, 262 Ala. at 469, 80 So.2d at 502.
Davis observes that the Court of Criminal Appeals provided an example of a sufficient indictment in Tompkins, The indictment in that case read:
“ ‘[Ray Tompkins] did, on or about 05/16/2001, with the intent to harass, annoy or alarm another person, to wit, [A.F.] (18 yrs.), either strike, kick, or otherwise touch another person, to wit: [A.F.], or subject him/her to physical contact, to wit; by trying to get victim to move in with him, rubbed her on back & butt and asked for “sugar” and really liked “nipple sugar,” also offered her $200.00 to stay with him. Victim had to leave.’ ”
Tompkins, 898 So.2d at 877 (footnote omitted). In contrast, Davis’s indictment said simply: “Kevin Davis ... did[ ] recklessly cause the death of another person, to-wit: Randall McKenzie, in violation of § 13A-6-3(a)(l) of the Code of Alabama.” Clearly, there is a difference between the two indictments.
In addition, Davis astutely observes that the legislature itself has provided two examples of a sufficient indictment for manslaughter, both of which include a recitation of the facts constituting the offense. Section 15-8-150, Ala.Code 1975, provides:
“The forms of indictment set forth in this section in all cases in which they are applicable, are sufficient, and analogous forms may be used in other cases.
[[Image here]]
“(68) MANSLAUGHTER IN THE FIRST DEGREE.
“A.B. unlawfully and intentionally but without malice, killed C.D. by stabbing him with a knife (or by striking him with a stick, etc., as the case may be).
*1074 “(69) MANSLAUGHTER IN THE SECOND DEGREE.
“A.B. unlawfully, but without malice or the intention to kill, killed C.D., by negligently throwing a brick from the top of a house, (or by negligently running over him with a horse or by stinking him with a stick, etc., as the case may be).”
Although § 15-8-150 has not been updated since 1961 to reflect the change in the law relating to manslaughter (there are no longer two degrees of manslaughter — see § 13A-6-8, Ala.Code 1975), both examples provided by the legislature in § 15-8-150 of a sufficient indictment include a description of the means by which the offense was allegedly committed. See also § 15-8-23 (providing that the forms found in § 15-8-150 are “sufficient in all cases in which the forms there given are applicable; in other cases, forms may be used as nearly similar as the nature of the case and the rules prescribed in this chapter, will permit”). In my opinion, thé forms found in § 15-8-150 are further evidence that when the legislature mandated that the indictment must “state the facts constituting the offense," § 15-8-25, Ala.Code 1975, it meant that the indictment must state the facts constituting the'offense.
The Court of Criminal Appeals noted that Davis could have moved for a more definite statement under Rule 13.2(e), Ala. R.Crim, P., 195 So.3d at 1069 n, 1, but did not. Although this is true, it does not necessarily .follow that Davis could not move to dismiss the indictment. See Rule 13.5(c)(1), Ala. R.Crim. P. (“A motion to dismiss the indictment may be based upon objections to ... the legal insufficiency of the indictment — ”); see also Soriano v. State, 527 So.2d 1367, 1370 (Ala.Crim.App.1988) (‘““The constitution requires that a defendant- sufficiently understand the charge against him to be able to assist in his own defense. Ensuring that the defendant has that minimum understanding is primarily the task of the trial judge.” ’ ”) (emphasis added) (quoting Turner v. State, 429 So.2d 645, 646 (Ala.Crim.App.1982)). In my opinion, if we reason that a motion for a more definite statement under Rule 13.2(e) is the only way an insufficient indictment may be remedied, then we have nullified the part of Rule 13.5(c)(1) quoted above and have improperly shifted the burden.to the defendant to ensure that he or she has “a minimum understanding” of the charges against him. Davis had the right to move to dismiss the indictment; I do not believe he should be faulted for exercising that right.
I also fear that the Court of Criminal Appeals’ decision has set a dangerous precedent. If Davis’s eonclusory indictment is ’ permitted to stand, then other defendants will be deprived of their constitutional rights in the future in the same way Davis has been deprived of his. Moreover, if the indictment does not state how and when Davis killed McKenzie, then I believe that there is an underlying assumption that the notice is adequate because Davis knows what he did. in other words, there is an assumption that the State does not need to notify Davis of the allegations against him, because he is guilty. If this is true, are we not presuming that the defendant is guilty until proven innocent instead of innocent until proven guilty? ’
I believe that every defendant has the right “to be informed of the nature and the cause of the accusation against him,” a right guaranteed by Art. I, § 6, of the Constitution, of Alabama and by the Sixth Amendment of the Constitution of the United States. Washington, 448 So.2d at 407. I therefore respectfully dissent.